Danny Thomas Martin was convicted for driving under the influence of alcohol in violation of Alabama Code 1975, §32-5A-191(a)(2). Two issues are raised on this appeal of that conviction.
 I
Even if Martin had only been charged with being in actual physical control of a motor vehicle while under the influence of alcohol, his refusal to submit to a chemical test for intoxication was probative on the issue of intoxication and admissible evidence. Hill v. State, 366 So.2d 818, 321 (Ala. 1979); South Dakota v. Neville, 459 U.S. 553,103 S.Ct. 916, 74 L.Ed.2d 748 (1983). *Page 1033 
 II
Martin argues that the state troopers had no "probable cause to investigate" his vehicle.
Initially, it must be noted that a vehicle may be stopped on less than probable cause:
 "Police officers may stop a vehicle for investigative purposes based on specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant suspicion of criminal conduct on the part of the occupants of the vehicle. The authority to stop a moving vehicle based upon less than probable cause derives from Terry v. Ohio, 392 U.S. 1 [88 S.Ct. 1868, 20 L.Ed.2d 889] (1968), as applied by the Supreme Court to vehicles in Adams v. Williams, 407 U.S. 143 [92 S.Ct. 1921, 32 L.Ed.2d 612] (1972) (parked vehicle); U.S. v. Brignoni-Ponce, 422 U.S. 873 [95 S.Ct. 2574, 45 L.Ed.2d 607] (1974 [1975]) (moving vehicle); and U.S. v. Cortez, 449 U.S. 411 [101 S.Ct. 690, 66 L.Ed.2d 621] (1981).
 "The factors which can contribute to a reasonable suspicion to stop a vehicle are analogous to the factors justifying a stop and frisk of a suspect on the street. Among those factors are: the behavior of the suspect, such as erratic or evasive driving patterns; the appearance of the vehicle or its occupants; the time and location of the stop, such as a deserted area known as a narcotics pick-up point; and the experience of the police officer. While rarely will any one factor alone be sufficient to warrant a reasonable suspicion of criminal activity, most commonly several factors will appear in combination, thereby justifying a police officer in making an investigative stop." W. Ringel, 1 Searches and Seizures, Arrests and Confessions 11-30, 31 (2d ed. 1987) (footnotes omitted).
See also W. LaFave, 3 Search and Seizure, § 9.2(d) (2d ed. 1987). An articulable and reasonable suspicion will justify the stopping of a motor vehicle. Ex parte Yeung, 489 So.2d 1106,1109 (Ala. 1986).
Here, there was evidence that Martin's car was parked on the shoulder of a public highway during "rush hour" with the driver's door "opened partially out in the roadway" obstructing traffic. The vehicle was impeding traffic and posing a danger to other traffic as well as to Martin and his passenger, who were asleep.
Martin's vehicle was parked illegally and in violation of Alabama Code 1975, § 32-5A-136. Consequently, any police officer, as defined by § 32-1-1.1(45), was "authorized to move such vehicle, or require the driver or other person in charge of the vehicle to move the same, to a position off the paved or main-traveled part of such highway." § 32-5A-139.
The state trooper was in a location where he had a right to be when he smelled alcohol on Martin's breath. Martin's arrest for D.U.I. was legal and proper.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.