Jimmy Floyd Cone was convicted in the Municipal Court of the City of Midfield for driving under the influence of alcohol, in violation of a city ordinance. He was fined $250 plus $34 costs. He appealed the conviction to the Bessemer Division of the Circuit Court of Jefferson County for a trial de novo.
At the conclusion of the circuit court trial, Cone was convicted again. He was fined $250 plus costs. His motion to alter, amend, or vacate the judgment of conviction was denied. On appeal here he asserts three errors that he says require that the judgment of conviction be reversed: (1) The complaint filed in the circuit court violated Rule 15.1(c), Alabama Temporary Rules of Criminal Procedure, (2) the arresting officer did not have probable cause to stop his vehicle, and (3) he was not advised of his constitutional rights as provided by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966).
Upon review of the record, we conclude that Cone's assertions of error are without merit, and we affirm the trial court's judgment of conviction.
 FACTS
At about 3:00 a.m. on July 20, 1988, a Midfield police officer observed a pickup truck driven by Jimmy Floyd Cone travelling at what appeared to him to be a high rate of speed on the Bessemer Super Highway. The officer followed and, although he was unable to clock the pickup's speed, he noticed that it was swerving one-half to one-quarter over the center line dividing the lanes of highway travel. Subsequently, Cone stopped the pickup and got out of it. The officer observed that Cone was staggering, slurring his speech, and having difficulty following his directions. The officer detected a strong odor of alcohol about Cone's person and arrested him for driving under the influence of alcohol in violation of a municipal ordinance. He took Cone to the Midfield police station. There an Intoxilyzer 5000 test was administered and it indicated Cone had a 0.229% blood alcohol level at the time of the testing.
 (1)
Cone contends that the circuit court erred by denying his motion to dismiss the complaint filed in the circuit court. According to him, the complaint was defective because it was signed by the city prosecutor and notarized by the prosecutor's secretary. *Page 1128 
Cone contends that Rule 15.1(c), Alabama Temporary Rules of Criminal Procedure, was violated because the complaint was not made upon oath before a judge or other official authorized by law to issue warrants of arrests.
Cone confuses the requirements of Rule 15.1(c), which apply to the complaint filed against him in the municipal court, with the requirements of § 12-22-113, Code of Alabama 1975, which apply to the complaint filed against him in the circuit court. It is undisputed that the municipal court complaint was made upon oath by the arresting officer before a magistrate for the City of Midfield. Thus, Rule 15.1(c) was complied with. The relevant inquiry then, is whether the circuit court complaint complied with § 12-22-113.
Section 12-22-113 states in part that the "district attorney [or city prosecutor if the offense is the violation of a municipal ordinance] shall make a brief statement of the cause of complaint signed by him." This statutory provision concludes with a sample complaint form containing a space for only the district attorney [or city prosecutor] to sign.
This court has recently construed § 12-22-113 to require only the unsworn and unverified signature of the District Attorney.Royer v. State, 542 So.2d 1301 (Ala.Cr.App. 1988). Using Royer
as authority, we hold that that same construction should apply in the case of a city prosecutor signing a circuit court complaint for a trial de novo. In the instant case, the city prosecutor signed the circuit court complaint in his official capacity for the City of Midfield. We, therefore, hold that the provisions of § 12-22-113 were complied with. The trial court was not in error when it denied Cone's motion to dismiss the complaint.
 (2)
Next, Cone argues that the arresting officer had no "probable cause" to stop his vehicle.
In Martin v. State, 529 So.2d 1032 (Ala.Cr.App. 1988), this court stated that a vehicle may be stopped on less than probable cause:
 " 'Police officers may stop a vehicle for investigative purposes based on specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant suspicion of criminal conduct on the part of the occupants of the vehicle.' "
529 So.2d at 1033, quoting W. Ringel, 1 Searches and Seizures,Arrests and Confessions, 11-30, 31 (2d ed. 1987). This court enumerated the following facts that contribute to an articulable and reasonable suspicion justifying a so-called "Terry stop" of a motor vehicle:
 "[T]he behavior of the suspect, such as erratic or evasive driving patterns; the appearance of the vehicle or its occupants; the time and location of the stop, such as a deserted area known as a narcotics pick-up point; and the experience of the police officer."
Martin, at 1033 (quoting Ringel, supra).
In the instant case, the "Terry stop" occurred after the officer's observance of several factors. Initially, he noticed that Cone was driving a pick-up truck at an estimated speed of 60 miles per hour in a 40 mile-per-hour zone at approximately 3:00 a.m. He then observed that Cone was operating his vehicle in an erratic manner, swerving several times over the center line dividing the two lanes and swerving several times in the direction of the road's shoulder. The officer had been on the Midfield police force for five years.
We hold that under the "Terry stop" calculus, the combination of the foregoing factors contributed to a reasonable suspicion of criminal conduct on the part of Cone, thereby justifying the officer in making the stop.
 (3)
Finally, Cone contends that his constitutional rights were violated when he made certain incriminating statements while he was "in custody" but prior to being advised of hisMiranda rights. The officer testified that there was a conversation between him and Cone prior to the *Page 1129 
arrest and Cone's receipt of the Miranda warning, but the record is devoid of any specific dialogue evidencing the particulars of the conversation. (Cone did not appear at the circuit court trial de novo.)
The officer testified that Cone may have mentioned that he had been drinking prior to his arrest and the receipt of hisMiranda warning, but he also testified that his detection of the strong smell of alcohol about Cone's person, when coupled with his observance of Cone's staggering demeanor, slurred speech, and inability to comprehend directions, cause him to form an opinion that Cone was under the influence of alcohol.
Even if, arguendo, the record contained a specific pre-Miranda dialogue wherein Cone admitted that he had been drinking, his admission standing alone would not invoke the exclusionary rule absent the presence of custodial investigation. Cf. Berkemer v. McCarty, 468 U.S. 420, 441,104 S.Ct. 3138, 3151, 82 L.Ed.2d 317 (1984), wherein the Supreme Court held that the roadside questioning of a motorist detained pursuant to a routine traffic stop was not tantamount to a custodial interrogation, and that the motorist was not "in custody" for purposes of Miranda until after he had failed the field test and the officer had informed him that he would be taken to the public safety office, where a P.E.I. test would be administered. Moreover, in McCall v. State, 549 So.2d 623
(Ala.Cr.App. 1989), this court held that a brief questioning of the defendant in a patrol car prior to the defendant's arrest did not convert an ordinary traffic stop into a custodial interrogation.
The facts of the case sub judice support a finding that Cone was not in custody for purposes of Miranda until the officer arrested him for driving under the influence of alcohol. Any statements made by Cone prior to his arrest would not invoke the Miranda protections.
For the foregoing reasons, the judgment of the trial court is affirmed.
The foregoing opinion was prepared by JAMES H. FAULKNER, Retired Justice, Supreme Court of Alabama, serving as a Judge of this court, and his opinion is adopted as that of this court.
The judgment below is affirmed.
AFFIRMED.
All the Judges concur.
 *Page 186