McMILLAN, Judge.
The appellant was convicted in municipal court of “driving under the influence of alcohol,” in violation of § 32-5A-191(a)(2), Code of Alabama 1975, was fined $250, and was assessed court costs. He appealed his conviction to the circuit court for trial de novo. The City of Rainbow City, in accordance with § 12-14-70(d), Code of Alabama 1975, filed in the circuit court a “transcript” of the municipal court proceedings. The transcript contained the Uniform Traffic Ticket and Complaint, the notice of appeal, and the appeal bond and was signed by the municipal court judge and attested to by the city clerk. Prior to his arraignment, the appellant moved to dismiss on grounds that the Uniform Traffic Ticket and Complaint was insufficient to confer jurisdiction upon the circuit court because the city failed to comply with § 12-22-113, Code of Alabama 1975, which provides that in an appeal from the municipal court, the city must file a new complaint signed by the city attorney. That motion was denied, and the case proceeded to trial, where the appellant was convicted and was fined $300 in addition to court costs.
The issue presented for review is whether the city’s failure to file a new complaint *347 signed by the city attorney precluded the circuit court from obtaining jurisdiction over the ease appealed from municipal court. Section 12-22-113, Code of Alabama 1975, provides: “§ 12-22-113. De novo trial in circuit court; statement of cause of complaint. The trial in the circuit court shall be de novo and without any indictment or presentment by the grand jury, but the district attorney shall, make a brief statement of the cause of complaint signed by him....”
The State contends that § 12-22-113 is inapplicable to the instant case because it predates § 12-14-70 and the introduction of the use of the Uniform Traffic Ticket and Complaint. Additionally, the State argues that § 12-22-113 applies only to complaints filed by the district attorney and not to complaints filed by the city attorney.
Recently, in Cone v. City of Midfield, 561 So.2d 1126 (Ala.Cr.App.1990), this Court discussed the import of § 12-22-113, as that Code section relates to city prosecutors. In Cone, this Court held that the municipality of Midfield had sufficiently complied with the requirements of § 12-22-113 because “the city prosecutor signed the circuit court complaint in his official capacity for the city of Midfield.” Id. at 1128. In light of this decision, we hold that because the city failed to file in the circuit court a new complaint signed by the city attorney, in accordance with § 12-22-113, the trial court erred in denying appellant’s motion to dismiss the complaint. Accordingly, the case is due to be reversed and judgment rendered.
REVERSED AND JUDGMENT RENDERED.
All Judges concur.