The appellant, Nell Marie Woods, was convicted in municipal court of driving under the influence of alcohol (D.U.I.) and driving while her license was revoked (D.W.L.R.). She appealed these convictions to the Circuit Court for Houston County, where she was again found guilty on both charges. She was sentenced to 90 days in jail and was fined $500.00 for the D.U.I. conviction, and she was sentenced to 5 days in jail and was fined $100.00 for the D.W.L.R. conviction.
The evidence tended to show that on September 18, 1989, police officers of the City of Dothan observed the appellant's vehicle "swerve" numerous times across the center line of State Highway 84. The vehicle was stopped by the police officers and the appellant was asked to take a field sobriety test, which she failed. The appellant was then placed into custody and transported to the Dothan Police Department where she submitted to a breath test to determine if she was indeed intoxicated. The breath test revealed that the appellant's blood alcohol content was .168%. The appellant presents the following issues relating to her D.U.I. conviction.
 I
The appellant relies on Rule 15, A.R.Cr.P.Temp., in contending that the circuit court had no jurisdiction to hear her case because the "cause of complaint" filed with the circuit court was not "sworn." The appellant argues that the above rule required that a new information or complaint be "sworn" against her by the City of Dothan before the case could be brought in circuit court.
In the present case, the municipal court's jurisdiction was not challenged by the appellant either at trial or on appeal.
The pertinent statute applicable to appeals taken to circuit court from municipal court judgments is § 12-14-70, Code of Alabama 1975. This section provides, in part, as follows:
 "(d) When an appeal has been taken, the municipality shall file the notice and other documents in the court to which the appeal is taken within 15 days, failing which the municipality shall be deemed to have abandoned the prosecution, the defendant shall stand discharged and the bond shall be automatically terminated." (Emphasis added.)
Contrary to the appellant's allegation, this statute does not require that a new complaint or information be sworn out against her before the circuit court can obtain jurisdiction. Section 12-22-113, Code of Alabama 1975, also governs appeals to the circuit court. This section states:
 "The trial in the circuit court shall be de novo and without any indictment or presentment by the grand jury, but the district attorney shall make a brief *Page 240 statement of the cause of complaint signed by him.. . . ."
As this court stated in Cone v. City of Midfield,561 So.2d 1126 (Ala.Cr.App. 1990), statements of the "cause of complaints" filed in the circuit court upon appeal from a district court do not have to be "sworn." Cone, citing §12-22-113, Code of Alabama 1975.
This court recently in Burke v. City of Rainbow City, [Ms. 90-749, September 20, 1991], 1991 WL 197861 (Ala.Cr.App. 1991), rendered a judgment in a case when the necessary documentation was not filed in the circuit court after the defendant appealed de novo from the district court. Burke, however, is readily distinguishable from the instant case. In Burke, the only document filed in the circuit court was a transcript of the proceedings in the district court. No other documents were filed. In the instant case, the city prosecutor filed the required notice and other documentation with the circuit court in a timely manner pursuant to § 12-14-70. As previously stated, the appellant's only contention is that the document filed with the circuit court was not "sworn." The failure of the "cause of the complaint" to be sworn is not fatal. No error occurred here.
 II
The appellant next claims that the circuit court erred in receiving into evidence a videotape of the appellant's being "booked" subsequent to her arrest. She argues that an insufficient predicate was laid by the prosecution before offering the tape into evidence.
For a videotape to be admissible into evidence, all that is required is that a witness verify that it is a "reliable reproduction" of the actual events depicted. Molina v. State,533 So.2d 701, 712 (Ala.Cr.App. 1988), cert. denied,489 U.S. 1086, 109 S.Ct. 1547, 103 L.Ed.2d 851 (1989). See alsoMcFarland v. State, 581 So.2d 1249 (Ala.Cr.App. 1991).
 "To establish the authenticity and accuracy of a videotape film, most of the courts dealing with the question, without attempting to enumerate all of the necessary factors for this purpose, have merely held the evidence sufficient to lay a foundation of the authenticity and accuracy of the videotape recording in question, at least where it was shown that the operator of the videotape filming device or a participant in the recording testified to the authenticity and accuracy of the videotape film in question."
Annot., 60 A.L.R.3d 333, 346 (1974).
In the case at hand, Officer Stover of the Dothan Police Department testified that he was present when the appellant was booked and that the videotape in question was an accurate representation of the appellant's booking. Once this predicate had been established, the videotape was due to be received into evidence. The circuit court did not err in receiving the videotape into evidence. Cf. Dean v. City of Dothan,516 So.2d 854 (Ala.Cr.App. 1987).
 III
The appellant also contends that a sufficient predicate was not laid before the circuit court received evidence of the appellant's intoxication. Specifically, she maintains that it was error for the circuit court to receive the results of the appellant's breath test into evidence.
In Alabama, three points must be shown before the results of a blood alcohol test may be received into evidence. First, it must be shown that the law enforcement agency has adopted the type of testing that was in fact utilized. Second, it must be shown that the operator possessed a valid permit issued by the Department of Forensic Sciences to administer such tests. And finally, it must be shown that the test was performed in accordance with the procedures set out by the Department of Forensic Sciences. See Woods v. State, 593 So.2d 103
(Ala.Cr.App. 1991); Ex parte Bush, 474 So.2d 168 (Ala. 1985). The following testimony was presented regarding the test given to the appellant:
"Q: Tell the Court and jury your name, please.
"A: Ray Owens.
"Q: How are you employed? *Page 241 
"A: I'm a police officer with the City of Dothan.
 "Q: Were you so employed on September 18 last year?
"A: Yes, sir, I was.
 "Q: Did you perform a breath test on the defendant?
"A: Yes, sir, I did.
"Q: Would you point her out, please?
"A: Sitting there (indicating).
"Q: She look a little different today?
"A: Yes, sir.
 "Q: Were you certified to operate the breath testing machine on that date —
"A: Yes, sir, I was.
"Q: — used on that occasion?
"A: Yes, sir.
"Q: And what device was that?
"A: It was the Intoxilizer 5000.
 "Q: And was that adopted by Dothan Police Department for the determination of blood alcohol content?
"A: Yes, sir, it was.
 "Q: And did you comply with the procedures set out by the Department of Forensic Sciences for the implementation of that test?
"A: Yes, sir, I did."
This testimony refutes the appellant's contention that an adequate foundation was not laid. All of the necessary prerequisites were addressed and satisfactorily met. Officer Owens stated that the Dothan Police Department had adopted the Intoxilizer 5000 for the determination of blood alcohol content, that he was certified by the Department of Forensic Sciences to administer these tests, and that he followed the procedures prescribed by the aforementioned agency. The three requirements were met in this case and the trial court correctly admitted the test results and procedure card. We find no error in the circuit court's admittance of this evidence.
 IV
The appellant next claims that the circuit court erred in refusing one of her requested jury charges. The requested charge reads as follows:
 "I charge you, members of the jury, that in order to convict NELL WOODS in this case, you must believe from the evidence that she was driving under the influence of alcohol to the degree that she could not safely operate a motor vehicle; if you find that NELL WOODS was driving under the influence of alcohol but that she safely operated her motor vehicle then you must find NELL WOODS not guilty."
The appellant was charged pursuant to § 32-5A-191(a)(2), Code of Alabama 1975. This Code section provides that "(a) a person shall not drive or be in actual physical control of any vehicle while: . . . (2) Under the influence of alcohol."
The Alabama Supreme Court in Ex parte Buckner, 549 So.2d 451
(Ala. 1989), held that:
 "[F]or purposes of § 32-5A-191(a)(2), the phrase 'under the influence of alcohol' is to be defined as 'having consumed such an amount of alcohol as to affect his ability to operate a vehicle in a safe manner.' "
Buckner, 549 So.2d at 453-54. (Emphasis added.)
When an individual is charged with driving under the influence of alcohol pursuant to § 32-5A-191(a)(2), the jury must be instructed that in order to render a guilty verdict they must find that the driver was so intoxicated as to be unable to operate his vehicle in a safe manner. Buckner, supra.
However, there was no reversible error in this case since the trial court gave the following instruction, which substantially covered the requested charge. The trial court stated:
 "[N]ow the elements of that charge are number one, that the defendant in this case, Nell Marie Woods, the city would have to prove that she was driving or in actual physical control of the vehicle on that night and at that time and occasion, and that she was under the influence of alcohol to the extent that she could not safely operate that motor *Page 242 vehicle. Not that she had just been drinking, but that she was under the influence of alcohol while she was driving the vehicle to the extent that she could not safely operate it."
(Emphasis added.)
The trial court committed no error because the requested instruction was covered in his oral charge to the jury.Sasser v. State, 494 So.2d 857, 860 (Ala.Cr.App. 1986); Lambethv. State, 380 So.2d 923 (Ala. 1979).
 V
Finally, the appellant contends that the evidence was insufficient to support her conviction.
In reviewing a conviction for driving under the influence of alcohol, Alabama courts have adopted the "totality-of-the-circumstances test." Cagle v. City of Gadsden,495 So.2d 1144, 1147 (Ala. 1986). The appellant was arrested and charged with violating § 32-5A-191(a)(2), Code of Alabama 1975. This section provides: "A person shall not drive or be in actual physical control of any vehicle while: . . . Under the influence of alcohol."
The state's evidence at trial tended to show that on the night of September 18, 1989, at approximately 11:00 p.m., the appellant was stopped for suspected driving under the influence by Dothan police officers, Fred Williams and Les Stover. Lt. Williams testified that he had observed the appellant driving her vehicle erratically for a period of time before he called for backup. Lt. Williams testified that he followed her for some distance and called for a backup unit, which arrived almost immediately. Officer Stover, the arresting officer, testified that he responded to Lt. Williams's call and stopped the appellant. He then administered a field sobriety test, which the appellant failed. Officer Stover further testified that, based on his experience, the appellant was intoxicated beyond the point where she could safely operate her vehicle. Furthermore, the results of the appellant's breath test showed that her blood alcohol content was .168%. The evidence presented at trial presented sufficient evidence for the jury to find the appellant guilty of driving under the influence.
For the above stated reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.