The appellant, Sue Tidmore Young, was convicted in municipal court of driving under the influence of alcohol. She appealed her conviction to the Etowah Circuit Court for a trial de novo and was again found guilty. She was fined $250.00 plus court costs and was required to attend D.U.I. school.
The appellant contends that the circuit court never obtained jurisdiction in her case because the City of Hokes Bluff failed to file a new complaint with that court. She relies on Burke v.City of Rainbow City, [Ms. 90-749, September 20, 1991], 1991 WL 197861 (Ala.Cr.App. 1991), for the proposition that the city must file an entirely new complaint when an appeal is taken to circuit court from a district court decision.
In Burke, supra, we relied on Cone v. City of Midfield,561 So.2d 1126 (Ala.Cr.App. 1990), for the proposition stated by the appellant. However, after re-examining the holding in Cone, we find that its interpretation in Burke was erroneous. InCone, we held that an attorney representing the prosecuting authority in municipal or district court was empowered to sign a complaint pursuant to § 12-22-113, Code of Alabama 1975, in lieu of the district attorney. This holding did not require the filing of a new complaint.
An extraordinary amount of legal attention has been focused on what should be a relatively simple procedure, i.e., transferring a case from an inferior court to a superior court after a notice of appeal has been filed by the individual who was convicted of driving under the influence in the lower court. See Woods v. City of Dothan, 594 So.2d 238
(Ala.Cr.App. 1991); Burke, supra; Cone, supra.
In appeals from municipal court to circuit court, such as the case presently before us, two statutes apply. The most recent is § 12-14-70, Code of Alabama 1975, entitled "Appeals to circuit courts from judgments of municipal courts and proceedings thereon.' Section 12-14-70 provides, in pertinent part:
 "(d) When an appeal has been taken, the municipality shall file the notice and other documents in the court to which the appeal is taken within 15 days, failing *Page 403 
which the municipality shall be deemed to have abandoned the prosecution, the defendant shall stand discharged and the bond shall be automatically terminated."
(Emphasis added.) The other applicable statute is § 12-22-113, Code of Alabama 1975, entitled "De novo trial in circuit court; statement of cause of complaint." This statute, which was originally enacted in 1852, provides:
 "The trial in circuit court shall be de novo and without any indictment or presentment to the grand jury, but the district attorney shall make a brief statement of the cause of complaint signed by him.. . ."
(Emphasis added.)
While § 12-22-113 requires the prosecuting attorney to make abrief statement of the cause and complaint, this is a notice requirement and not a requirement for a new complaint. Rogersv. State, 12 Ala. App. 196, 67 So. 781 (1915); Miles v. State,94 Ala. 106, 11 So. 403 (1892). There has been no allegation that the appellant failed to receive notice of the charges against her. In fact, the appellant specifically acknowledges in her brief that:
 "[o]n March 12, 1990, the City of Hokes Bluff filed in the Circuit Court a 'transcript' of the Municipal Court proceedings. The transcript contained the uniform traffic ticket and complaint, the notice of appeal and the appeal bond, and was signed by the Municipal Court Judge and attested to by the Circuit Clerk."
(Emphasis added.) If the previous "proceeding was based upon a complaint, then that complaint is the 'notice' referred to in § 12-14-70(d) and must be filed along with the 'other documents.' " Ex parte Hood, 404 So.2d 717 (Ala. 1981).
The issue then becomes whether a valid uniform traffic ticket and complaint (U.T.T.C.) is a "cause of complaint" referred to in § 12-22-113. Rule 19(A), of the Alabama Rules of Judicial Administration dictates, in part, as follows:
 "(1) Traffic Complaint and Summons. The complaint and summons used in all nonfelony traffic cases shall be the 'Uniform Traffic Ticket and Complaint.'
 "(2) Use of Ticket. The uniform traffic ticket and complaint shall be used in all nonfelony traffic cases in all courts of the state. Any ticket properly issued by a law enforcement officer shall be accepted for filing and disposition in any court having jurisdiction over the alleged offense."
(Emphasis added.) In addition to that portion of Rule 19 quoted above, § 15-7-1, Code of Alabama 1975, defines a complaint as "an allegation made before a proper judge or magistrate that a person has been guilty of a designated public offense." We have held that prosecution for a named offense commences when the U.T.T.C. is initially filed and that the appeal to the circuit court for a trial de novo is but a continuation of that prosecution. Beals v. State, 533 So.2d 717, 722
(Ala.Cr.App. 1988); Scott v. State, 45 Ala. App. 149,227 So.2d 436, cert. denied, 284 Ala. 733, 227 So.2d 438 (1969). Accordingly, we find that a valid U.T.T.C., sworn to before a judge or magistrate, is sufficient to fulfill the "cause of complaint" requirements of § 12-22-113.
Upon review of the aforementioned statutory and case authority, we hold that there is no requirement that the prosecuting authority file a new complaint in the circuit court when an appeal is taken from a conviction in municipal or district court pursuant to a valid U.T.T.C. Therefore, in order to arrive at a result that reconciles § 12-14-70 and §12-22-113 with each other as well as with existing case law, we find it necessary to specifically overrule our holding inBurke, and in doing so, we affirm the appellant's conviction in this case. The U.T.T.C. filed in her case was valid and satisfied the "cause of complaint" requirement of § 12-22-113.
For the reasons stated above, the appellant's conviction for driving under the influence of alcohol is hereby affirmed.
AFFIRMED.
PATTERSON, P.J., concurs. *Page 404 
BOWEN, J., concurs in result with opinion with MONTIEL, J., joining.
McMILLAN, J., dissents with opinion.