I respectfully dissent with the majority opinion. Section12-22-113, Code of Alabama 1975, clearly states:
 "The trial in the circuit court shall be de novo and without any indictment or presentment by the grand jury, but the district attorney shall make a brief statement of the cause of complaint signed by him, which may be in the following form:
[Example form given]."
The language of this statute is clear and, according to the rules of statutory construction, the use, by the legislature, of the word "shall" generally indicates that this statute is to be mandatory, unless the intent of the legislature would be defeated by making the language mandatory. Ex parte Brasher,555 So.2d 192, 194 (Ala. 1989). The instant case is not an example of the exception to the rule. Although we agree with the majority's opinion, which reflects the argument of the prosecutor at trial, that the filing of the papers is more akin to a notice requirement than a matter of jurisdiction, where the statute is violated and a proper objection is raised at trial, then error has occurred and a reversal is required. Therefore, we agree with the majority's decision to overruleBurke v. City of Rainbow City, [Ms. 90-749, September 20, 1991], 1991 WL 197861 (Ala.Cr.App. 1991), but for a different reason. Burke v. City of Rainbow City, supra, should be overruled because the ultimate decision was to reverse and render, finding the error to be a jurisdictional one. However, in Burke v. City of Rainbow City, supra, an appeal bond had been filed in circuit court, which conveyed jurisdiction to that court. Ex parte Hood, 404 So.2d 717 (Ala. 1981). Moreover, as previously noted, because this requirement is one of notice, a violation of this statute would not have resulted in a jurisdictional defect. However, I believe that the decision inBurke v. City of Rainbow City, supra, should properly have been to reverse the case and remand for a new trial, rather than to have been an affirmance. In that case, as in the present case, the defense counsel, although erroneously using the term jurisdiction, clearly objected pursuant to this statute, and put the trial court on notice of the *Page 414 
nature of his objection through a lengthy discussion and hearing on his motion. In the present case, it is clear that the prosecutor did not satisfy the language of the statute, to which the defense counsel promptly and properly objected. A hearing was held on the matter and the trial court ultimately overruled the appellant's objection. This decision by the trial court was erroneous, and therefore, this matter should be reversed and remanded. Although the majority holds that a process which should be simple has been made complicated, and perhaps the purpose behind the statute is passé, because the language and meaning are clear, the statute should be followed and enforced. The majority's decision serves to ignore or nullify the statute. As we find nothing unconstitutional or manifestly wrong with the statute, we disagree with the majority opinion.