The issue in this case is whether a new complaint must be filed in the circuit court when an appeal is taken from the district court in order for the circuit court to have jurisdiction.
Sue Tidmore Young was convicted in the Hokes Bluff Municipal Court of driving under the influence of alcohol ("DUI"). She appealed to the circuit court for a trial de novo. In response, the prosecuting authority, the City of Hokes Bluff, filed a transcript of the municipal court proceedings. The transcript contained the uniform traffic ticket and complaint ("U.T.T.C.").
Young moved to dismiss the prosecution on the grounds that the City had failed to comply with § 12-22-113, Ala. Code 1975, which states that in an appeal to the circuit court, the city must timely file a new complaint signed by the city attorney. Young argued that because the City had failed to file a new complaint, the circuit court did not have jurisdiction. The City argued that the circuit court complaint was not jurisdictional and that the function of the circuit *Page 415 
court complaint was to notify the defendant of the charges pending against her. Nevertheless, the City filed a new complaint against Young in open court. The trial court subsequently denied the motion to dismiss. Young was convicted and was fined $250 and ordered to attend DUI school.
The Court of Criminal Appeals stated that in appeals from a municipal court to the circuit court, two statutes apply. The more recently adopted is § 12-14-70, entitled "Appeals to circuit courts from judgments of municipal courts and proceedings thereon." The other statute is § 12-22-113, entitled "De novo trial in circuit court; statement of cause of complaint." The court held that there is no requirement that the prosecuting authority file a new complaint in the circuit court when an appeal is taken from a conviction in a municipal court or in the district court pursuant to a valid U.T.T.C.Young v. City of Hokes Bluff, 611 So.2d 401 (Ala.Cr.App. 1992). The Court of Criminal Appeals specifically overruled its holding in Burke v. City of Rainbow City, [Ms. 90-749, September 20, 1991], 1991 WL 197861 (Ala.Cr.App. 1991), which stood for the proposition that the city must file an entirely new complaint when an appeal is taken to the circuit court from a district court conviction.
Young argues that the circuit court did not have jurisdiction in her case because the City of Hokes Bluff had failed to file a new complaint with the circuit court as she says is required by § 12-22-113. Young contends that Burke, supra, should not be overruled and that its principle is controlling.
Section 12-22-113 reads, "The trial in the circuit court shall be de novo and without any indictment or presentment by the grand jury, but the district attorney shall make a brief statement of the cause of complaint signed by him. . . ."
Section 12-22-113 appeared as part of the 1852 Code, and it has been carried forward into the 1975 Code. In 1852, municipal court defendants were tried without complaints. The purpose of § 12-22-113 was to require the filing of a complaint that would apprise the defendant of the nature of the charges against him.Miles v. State, 94 Ala. 106, 11 So. 403 (1892).
First, we agree with Judge Bowen's special concurrence inYoung v. City of Hokes Bluff, 611 So.2d at 404 (Bowen, J., concurring); he said that a prosecuting attorney's complaint is not the mechanism that confers upon the circuit court jurisdiction to proceed with a de novo appeal. The complaint is a statutory right of the accused that can be waived. Young,611 So.2d at 405, Bowen, J., concurring and citing Moss v. State,42 Ala. 546 (1868).[1] Certainly, if the right to a complaint can be waived, then it is not the mechanism that confers subject matter jurisdiction on the circuit court in a de novo appeal.
Additionally, if the prosecuting attorney's complaint was the mechanism for conferring jurisdiction on the circuit court, then a complaint would be required in all de novo appeals. A review of Alabama law shows that there have been and continue to be exceptions to the rule requiring the prosecuting attorney to file a new complaint in the circuit court on appeal from an inferior court for a trial de novo. A prosecuting attorney's complaint is not required on appeal from two types of misdemeanor convictions — prohibition laws and appeals involving fish and game laws. We conclude that the filing of the complaint does not confer jurisdiction on the circuit court.
Although the filing of the prosecuting attorney's complaint is not jurisdictional, it does provide the defendant with notice of the charges pending against him. Two *Page 416 
questions remain: which statute applies to ensure that the defendant receives notice, and was the filing of the U.T.T.C. sufficient in this case to provide the required notice?
Article I, § 8, Ala. Constitution 1901, mandates that an indictable offense not be tried without indictment unless express authority has been conferred by the legislature on the court to proceed in some other way. Streanger v. State, 21 Ala. App. 600,601, 110 So. 595, 596 (1926). Until recently, §12-22-113 provided the only method of proceeding without an indictment on a de novo appeal. As stated earlier, in 1852 defendants were tried without complaints, so § 12-22-113 was enacted to provide defendants with notice of the charges against them. However, § 12-22-113 has been superseded by §12-14-70.
Section 12-14-70(d), originally enacted in 1975, provides:
 "When an appeal has been taken, the municipality shall file the notice and other documents in the court to which the appeal is taken within 15 days, failing which the municipality shall be deemed to have abandoned the prosecution, the defendant shall stand discharged and the bond shall be automatically terminated."
Section 12-12-53(b) provides that the U.T.T.C. "shall be used in traffic cases where a complaint is made by a law enforcement officer or by any other person or [where] an information is filed by the district attorney." Rule 2.3, Ala.R.Crim.P., entitled "Contents of a Complaint," provides that "A complaint is a written statement made upon oath before a judge, magistrate, or official authorized by law to issue warrants of arrest, setting forth essential facts constituting an offense and alleging that the defendant committed the offense." Rule 19(A), Ala.R.Jud.Adm., provides that the U.T.T.C. shall be "[t]he complaint and summons used in all non-felony traffic cases."
Clearly, the requirement that a prosecuting attorney file an entirely new complaint was deemed unnecessary by the Legislature when it enacted § 12-14-70. The Legislature and this Court, pursuant to its rule-making authority, have declared the U.T.T.C. sufficient to give the defendant notice of the charges pending against him.
Based on the foregoing, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.
[1] Moss v. State previously has been cited for the proposition that "[w]here a criminal case is tried in the circuit court on appeal from the county court, it is essential that there should be a brief statement of 'the complaint,' signed by the solicitor, and [that] a proceeding without it or a waiver of it is erroneous." See, Bonds v. State, 28 Ala. App. 194, 195,180 So. 735, 736 (1938). However, Judge Bowen's interpretation ofMoss — that the prosecuting attorney's complaint is not a jurisdictional prerequisite to a circuit court's proceeding in a trial de novo — is correct.