KENNEDY, Justice.
The issue in this case is whether in a criminal prosecution the prosecuting authority must file a new complaint on the defendant’s appeal from the municipal court to the circuit court in order to confer jurisdiction upon the circuit court.
The defendant, Russell Burke, was convicted in the municipal court of Rainbow City of driving under the influence of alcohol. *348 Burke appealed to the Circuit Court of Eto-wah County. The City filed in the circuit court a transcript of the proceedings that had taken place in the municipal court. Included in the transcript was the Uniform Traffic Ticket and Complaint (“U.T.T.C.”), the notice of appeal, and the appeal bond. Burke moved to dismiss on the grounds that the U.T.T.C. was insufficient to confer jurisdiction upon the circuit court. The court denied his motion.
At trial in the circuit court, Burke was again found guilty of driving under the influence. Burke appealed. The Court of Criminal Appeals held that a new complaint was necessary to confer jurisdiction upon the circuit court. Burke v. City of Rainbow City, 623 So.2d 346 (Ala.Cr.App.1991). However, six months later, the Court of Criminal Appeals specifically overruled its holding in Burke. See Young v. City of Hokes Bluff, 611 So.2d 401 (Ala.Cr.App.), affirmed, Ex parte Young, 611 So.2d 414 (Ala.1992).
Therefore, we reverse the judgment and remand this case on the authority of Ex parte Young.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.