BOWEN, Presiding Judge.
Doc Thomas Moye, the appellant, was convicted in the City Court of Foley, Alabama, of assault in the third degree (see Ala.Code 1975, § 13A-6-22) and reckless endangerment (see § 13A-6-24). He appealed those convictions to circuit court for trial de novo where he was again convicted. He was fined $350 on the assault conviction. On the reckless endangerment conviction, he was fined $500 and was sentenced to 30 days in jail, 23 of which were suspended, and a period of six months’ probation was imposed. The appellant represented himself in both city and circuit court. He is represented by retained counsel on this appeal.
I.
The appellant complains (1) that the city failed to prove that the city ordinance under which he was charged was in effect on the date of the offense; (2) that no proper predicate was laid for the admission into evidence of the municipal ordinance; and (3) that the prosecutor’s numerous references to the municipal court trial prejudiced the appellant ¿nd denied him a fair trial. However, these issues were not preserved for appellate review by timely objection before the circuit court. “The right of self-representation does not exempt a party from compliance with the relevant rules of procedural law.” Hill v. State, 571 So.2d 1297, 1299 (Ala.Cr.App.1990).
Although retained appellate counsel filed an amended motion for new trial, in which these three issues were raised, “[a] motion for new trial is not sufficient to preserve the issue when no timely objection was made at the time the evidence was offered and omitted.” Zasadil v. City of Montgomery, 594 So.2d 231, 232 (Ala.Cr.App.1991). See also *1013 Johnson v. State, 500 So.2d 69, 72 (Ala.Cr.App.1986); Newsome v. State, 570 So.2d 703, 717 (Ala.Cr.App.1989).
Without objections, these issues were not preserved for appellate review “regardless of the fact that the defendant was proceeding pro se.” Washington v. State, 539 So.2d 1089, 1099 (Ala.Cr.App.1988). “The defendant alone will bear the personal consequences of a conviction. Although he may conduct his own defense ultimately to his own detriment, his choice must be honored. ‘[A] defendant who represents himself may not thereafter disaffirm his deliberate trial decisions.’ ” Daniels v. State, 621 So.2d 335, 340 (Ala.Cr.App.1992) (citations omitted).
II.
The appellant also contends that neither complaint charged an offense. This issue was first raised as a ground of the appellant’s amended motion for a new trial: “The solicitor’s complaint[s] failed to charge Defendant with any crime, in that [the complaints] did not specify the conduct sought to be condemned and [are] therefore void.” C.R. 45.
The solicitor’s complaint in case number CC 92-708.80 charges:
“The City of Foley, by its solicitor, complains of DOC THOMAS MOYE in the City of Foley and within twelve months before the commencement of this prosecution, did commit the offense of ASSAULT THIRD DEGREE in the police jurisdiction of Foley in violation of Foley Municipal Ordinance Number 422-89 contrary to law and against the peace and dignity of the City of Foley.” C.R. 3.
The solicitor’s complaint in case number CC 92-709.80 charges:
“The City of Foley, by its solicitor, complains of DOC THOMAS MOYE in the City of Foley and within twelve months before the commencement of this prosecution, did commit the offense of RECKLESS ENDANGERMENT in the police jurisdiction of Foley in violation of Foley Municipal Ordinance Number 422-89 contrary to law and against the peace and dignity of the City of Foley.” C.R. 29.
Foley Municipal Ordinance Number 422-89 is the municipal ordinance that adopts by reference all misdemeanor violations contained in the Alabama Criminal Code.
The complaints filed in circuit court in this case are voidable, but their defects did not deprive the circuit court of jurisdiction in this case. The “form” of a solicitor’s complaint on appeal from municipal court to circuit court for trial de novo is found in Form 4, A.R.Crim.P. Prior to the effective date of the Alabama Rules of Criminal Procedure, the “form” for a solicitor’s complaint was found in Ala.Code 1975, § 12-22-113. That Code section stated that the offense shall be described in the solicitor’s complaint “as in cases of indictment.” § 12-22-113.
Rule 15.2, A.R.Crim.P., provides, in pertinent part:
“(a) Objections Which Must Be Raised by Pre-trial Motion. Objections based on defects in the commencement of the proceeding or in the charge, other than lack of subject matter jurisdiction or failure to charge an offense, may be raised only by pre-trial motion as provided in Rule 15.3.
“(d) Objections Which May Be Raised at Any Time. The lack of subject matter jurisdiction or the failure of the charge to state an offense may be raised by the court or by motion of the defendant at any time during the pendency of the proceeding.”
In Ex parte Harper, 594 So.2d 1181,1191-92 (Ala.1991), cert. denied, — U.S. -, 113 S.Ct. 330, 121 L.Ed.2d 248 (1992), the Alabama Supreme Court stated:
“It is clear that most objections to criminal charges must be raised before trial. The exceptions are for objections based upon lack of subject matter jurisdiction and failure to charge an offense. Those two objections can be raised ‘by the court or by motion of the defendant at any time during the pendency of the proceeding.’ (Emphasis added.) Temporary Rule 16.-2(d) (now Rule 15.2(d)). ‘Pendency of the proceeding’ obviously refers only to the proceeding in the trial court.” (Footnote omitted.)
*1014 The defective complaints filed in this case do not involve the subject matter jurisdiction of the circuit court because “the requirement that a prosecuting attorney file an entirely new complaint was deemed unnecessary by the Legislature when it enacted § 12-14-70.” Ex parte Young, 611 So.2d 414, 416 (Ala.1992).
“First, we agree with Judge Bowen’s special concurrence in Young v. City of Hokes Bluff, 611 So.2d [401, 404 (Ala.Cr.App.1992) ] (Bowen, J., concurring); he said that a prosecuting attorney’s complaint is not the mechanism that confers upon the circuit court jurisdiction to proceed with a de novo appeal. The complaint is a statutory right of the accused that can be waived. Young, 611 So.2d at 405, Bowen, J., concurring and citing Moss v. State, 42 Ala. 546 (1868). Certainly, if the right to a complaint can be waived, then it is not the mechanism that confers subject matter jurisdiction on the circuit court in a de novo appeal.
“... We conclude that the filing of the complaint does not confer jurisdiction on the circuit court.
“Although the filing of the prosecuting attorney’s complaint is not jurisdictional, it does provide the defendant with notice of the charges pending against him.”
Ex parte Young, 611 So.2d at 415 (footnote omitted).
Here, by waiting to object until after his conviction and by not objecting to the defects in the complaints during the “pendency” of the proceeding, the appellant waived any objection to the complaints.
“[A] defendant ... can even waive his right to have any written statement informing him of the accusation against him, if he does not object to those defects at trial. Since those defects may be waived by a defendant if he does not object at trial, they must be regarded as pertaining to a trial court’s obtaining personal jurisdiction of the defendant. This conclusion is inescapable, since a defendant can not be deemed to have waived an objection that the trial court does not have jurisdiction of the subject matter.”
City of Dothan v. Holloway, 501 So.2d 1136, 1139 (Ala.1986) (citations omitted) (holding that “if the UTTC is not verified and the defendant does not object to this defect before trial, then the objection to the court’s personal jurisdiction of the defendant has been waived”). See also City of Foley v. Collier, 586 So.2d 1011, 1013 (Ala.Cr.App.1991) (“[i]n the present case, however, a complete statement of the charges was not required in the solicitor’s complaint filed in the circuit court because the appellee already had been fully informed by the previous complaint and the proceedings in the municipal court”); Beals v. State, 533 So.2d 717, 720 (Ala.Cr.App.1988).
We note that, in this case, had the complaints filed in circuit court been the original charging instruments (“the mechanism for conferring jurisdiction on the circuit court” Young, 611 So.2d at 415) they would have been void. However, this Court has obtained copies of the original complaints filed in municipal court. Those complaints[1] fully comply with the requirement of Rule 13.2(a), A.R.Crim.P.,' that “[t]he indictment or information shall be a plain, concise statement of the charge in ordinary language sufficiently *1015 definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction, to pronounce the proper judgment.” The filing of those complaints in municipal court was sufficient to provide the appellant with the required notice. See Young, 611 So.2d at 416.
A reading of the trial transcript in this case shows that the appellant knew exactly the charges against which he had to defend.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. The complaint filed in the municipal court case that is the basis for circuit court case CC-92-709.80 states, in pertinent part, that the appellant:
"did, on or about June 7, 1992 ... commit the offense of reckless endangerment.
"Thomas Doc Moye [sic] did recklessly engage in conduct by pointing a hand gun cocking the hammer and telling the complainant he was going to blow his head off. Then discharging the weapon in the vicinity of the complainants feet. And telling the complainant to get off his property. Which created a substantial risk of serious injury to J. Thomas Kirchharr.”
The complaint filed in the municipal court case that is the basis for circuit court case CC-92-708.80 states, in pertinent part, that the appellant:
“did, on or about June 7, 1992 ... commit the offense of assault in the third degree.
"Thomas Doc Moye [sic] did with intent to cause physical injury to another person, cause physical injury to Joseph L. Nelson the 15 year old son of the complainant by striking him on the thumbs and hands while he was trying to protect his head and person while being hit with a pistol by the subject Thomas ‘Doc’ Moye."