PATTERSON, Judge.
The appellant, Dana Lynn Joyce, appeals his conviction for driving while under the influence of alcohol (“DUI”) and his subsequent sentence of 120 days in the city jail. Sixty days of that sentence was suspended; he was placed on one years’ probation; a fine of $1,500 was imposed; and court costs were levied. He raises four issues for our review. Because we find one of these issues to be reversible, this court finds it unnecessary to address the remaining issues.
Joyce contends that there was a fatal variance in the allegations of the uniform traffic ticket and complaint (hereinafter “UTTC”) and the proof adduced by the state at trial.[1] The UTTC issued to Joyce shows that Joyce was charged with violating Ala.Code 1975, § 32-5A-191(a)(1), which states: “[a] person shall not drive or be in actual physical control of any vehicle while ... [tjhere is 0.10 percent or more by weight of alcohol in his or her blood.... ” Joyce argues that there was a fatal variance because his blood alcohol level at the time the complaint was issued was never proved at trial.
Although Joyce’s statement of the issue is couched in the language of a fatal variance, his supporting argument challenges the sufficiency of the evidence. Although the UTTC specifically charges that Joyce was driving with a blood alcohol level of .10% or more, no evidence was presented at trial of Joyce’s blood alcohol level.
The trial court committed reversible error by failing to grant Joyce’s motion for a judgment of acquittal. The prosecution failed to present a prima facie case-by failing to offer any evidence of Joyce’s blood alcohol level at the time the complaint was issued. See Frazier v. City of Montgomery, 565 So.2d 1255 (Ala.Cr.App.1990).
For this reason, Joyce’s conviction is due to be reversed and a judgment rendered in his favor.
REVERSED AND JUDGMENT RENDERED.
All Judges concur.

. A solicitor’s complaint was not filed in this case in circuit court. See Ex parte Young, 611 So.2d 414 (Ala.1992).