STUART, Justice
(concurring specially).
As the main opinion' recognizes, our easelaw provides that the complaint does not confer jurisdiction upon the circuit court to proceed with a de novo appeal from a district court conviction, arid a defendant can waive the right to a complaint in a de novo appeal. 179 So.3d at 251; Ex parte Young, 611 So.2d 414, 415 (Ala.1992). Therefore, the absence of the district court’s original charging instrument in the circuit court’s file of a do novo appeal cannot impact the circuit court’s jurisdiction over the appeal. Applying the law to the facts of this case, the majority proper-' ly concludes that, “[wjhen Simmons filed his notice of appeal for a trial de novo in the circuit court, the circuit court’s jurisdiction over his appeal for a trial de novó ‘attached,’ and the fact that the case was not prosecuted using the original charging instrument from the district court did not affect the circuit court’s jurisdiction.” 179 So.Sd at 252.
It is also important to recognize that the main opinion does not, address whether Simmons properly exercised his constitutional and statutory right and demanded a copy of the original charging instrument and whether the .circuit court improperly denied his request or whether Simmons waived this right. This mmj'imsdictioml issue was not before this Court and, if properly preserved and presented, remains for the Court of Criminal Appeals to resolve.