MOORE, Chief Justice
(dissenting).
I respectfully dissent! I believe the Court of Criminal Appeals properly held that in the absence of the original charging instrument, as required by Rule 2.2(d), Ala. R.Crim. P., and by Art. I, § 6, Ala. Const.1901, the circuit court could not exercise its jurisdiction over Charles Marquis Simmons’s appeal from the district court to the circuit court for a trial de novo.

I. Discussion

The controlling issue is whether the circuit court could exercise jurisdiction over *253 Simmons’s appeal for a trial de novo in the absence, of the original charging instrument, as required by Rule 2.2(d), Ala. R.Crim. P. The Court of Criminal Appeals correctly -concluded that the circuit court could, not‘exercise jurisdiction over Simmons’s appeal. By reversing the judgment of the Court of Criminal Appeals,-the majority opinion has in effect decided that a defendant may be prosecuted in Alabama without an accusation as required by law. The majority opinion completely neglects the requirements-of the Alabama Rules of Criminal Procedure and the constitutional guarantees in Art. I, §§ 6 and 8, Ala. Gonst.1901.
A, Tim Alabama Rules of Criminal Procedure .
Rule 2.1, Ala. R.Crim. P., states that “[a]ll criminal proceedings shall be commenced either by indictment or by complaint.” A complaint “serves the ... purpose of being the accusatory instrument in most misdemeanor cases.” Committee Comments to Rule 2.3, Ala. R.Crim. P. The Committee Comments to Rule 2.1 explain that, “[u]nder thé Alabama Constitution of 1901, criminal actions may not be 'commenced' by an informatwn, but u/nder the very limited procedure provided in Rule 2.2(e), infra, once an action is commenced by complaint, the defendant may be proceeded against. by information.” Committee Comments to Rule 2.1, Ala. R.Crim. P. (emphasis added). -Rule 2.2(e), Ala. R.Crim. E,, states:
“At arraignment on an information following receipt of a defendant’s written notice of his or her desire to plead guilty as charged or as a youthful offender upon the granting of youthful-offender status, the court shall proceed as provided in Rule 14.4[, Ala, R.Crim. P., aecep-lance of guilty plea], If the court does not accept the defendant’s guilty plea or denies the defendant’s application. for youthful-offender status, the court shall proceed as provided by law.”
Because Simmons did not give notice of a desire to plead guilty as charged, Rule 2.2(e) does not apply. Accordingly, Simmons cannot be prosecuted on an information.
Rule 30.8(a), Ala. R.Crim. P., states that, “[w]hen appeal is taken to the circuit court tor a trial de novo, the trial shall be proser anted as provided in Rule 2.2(d),” which provides that an appeal from, the .district court to the circuit court for trial de novo “shall.be prosecuted in.the circuit court cm the' original charging instrument.” The word '“shall” in both rules is mandatory.[1] The majority opinion completely ignores the mandatory requirements of Rules 2.2(d) and 80.5(a), which serve to protect the constitutional rights of every Alabamian.
11, Alabama’s Declaration of Rights
“The use of an information is severely restricted in Alabama.” Committee Comments to Rule 18.1, Ala. R.Crim. P, This originates in Art. I, §§ 6 and 8, Ala. Const. 1901. Section 8 provides: *254 (Emphasis added.) “The effect of [§ 8] and §§ 15-15-20 through -26, [Ala.Code 1975,] is to limit the use of an information in Alabama to the situation where a defendant, before indictment, pleads guilty to a noncapital felony offense.” Committee Comments to Rule 13.1, Ala. R.Crim. P. Simmons was not accused of a felony, and he cannot be. prosecuted by information in Alabama.
*253 “No person- shall for any Indictable offense be proceeded-against criminally by information ... otherwise than is provided in the Constitution. In eases of misdemeanor, the Legislature may by law dispense with a grand jury and authorize prosecutions and., proceedings before any inferior courts as may be by law established.”
*254 Rule 2.2(d) helps to protect the constitutional rights of the accused “in all criminal prosecutions” and gives Simmons “a right to .. demand the nature and cause of the accusation; and to have a copy thereof.” Art. I, § 6, Ala. Const.1901 (emphasis added); The Alabama Rules of Criminal Procedure niust be construed so as “to secure ... fairness in administration .-.. and to protect the rights of the individual while preserving the public welfare.” Rule 1.2, Ala. R.Crim, P. Rule 1.2 “carries with it the constitutional guarantee found in Article I, § 6, Alabama Constitution of 1901, that no person shall ‘be deprived of life, liberty, or property, except by due process of law.’ ” Committee Comments to Rule 1.2, Alai R.Crim. P. Thé Court of Criminal Appeals, correctly observed in this case that “an information is not a substitute for a complaint or indictment.” 179 So.3d at 246. The district attorney’s information is not “a copy” of the original complaint against Simmons and does not satisfy the due-process guarantees in Art. I, § 6, Ala. Const.1901.
In Ex parte Seymour, 946 So.2d 536 (Ala.2006), this Court correctly defined'jurisdiction as “ ‘[a]' court’s power to decide a case or issue a-decree,’ ” and as “a court’s power to decide certain types of cases,” which “power is derived from the Alabama Constitution and the Alabama Code.” 946 So.2d at 538 (quoting Black’s Law Dictionary 867 (8th ed.2004) (emphasis added)). A court’s constitutional power must be exercised in conformity with the Constitution. Section 36 of Art. I, Declaration of Rights, provides that “to guard against any encroachments on the rights herein retained, we declare that everything in this Declaration- of Rights is excepted out of the general powers of government, and shall forever remain inviolate.” Art. I, § 36, Ala. Const.1901. “ ‘Section 36 erects a firewall between' the Declaration of Rights'that precedes it and the general powers of government, including the authority to exercise judicial power, that follow it.’ ” 1568 Montgomery Highway, Inc. v. City of Hoover, 45 So.3d 319, 342 (Ala. 2010) (quoting Ex parte Cranman, 792 So.2d 392, 401 (Ala.2000) (emphasis added)). Section 36 forbids the courts of Alabama from exercising judicial powers, i.e., jurisdiction, so as to. violate or encroach upon the fundamental rights retained by the people of Alabama in the Declaration of Rights. Under the majority opinion’s view of Seymour, the circuit court’s jurisdiction- overrides the Alabama Rules of Criminal Procedure and §§ 6 and 8 of the Declaration of Rights. The majority opinion, in trying to uphold the circuit court’s jurisdiction in this case, - denies Simmons his constitutional and statutory right to demand a copy of the accusation and so deprives Simmons of his liberty without due process of law.

C. Problems with the Majority Opinion

1. Ex parte Seymour Is Inapposite
The majority quotes Seymour for the proposition that, in deciding whether a claim properly challenges the trial court’s subject-matter jurisdiction, we ask only “ “whether the trial court [has] the constitutional and statutory authority to try the offense’ with which a defendant has been charged” and states that, -“[i]n accordance with § 12-11-30(3), Ala.Code 1975, and Ex parte Seymour, the circuit court had sub *255 ject-matter jurisdiction over Simmons’s case.” 179 So.3d at 250 (quoting Seymour, 946 So.2d at 538). The majority’s holding does not rely on Seymour’s principles of subject-matter jurisdiction but on the majority’s conclusion that the circuit court’s jurisdiction attached “[w]hen Simmons filed his notice of appeal for a trial de novo in the circuit court.” 179 So.3d at 252. The fact that Simmons perfected his appeal is irrelevant. This case is about 'whether the circuit court could exercise its acknowledged jurisdiction in the absence of the original charging instrument. Seymour offers no guidance on this issue.
The Court of Criminal Appeals correctly recognized that its decision did not conflict with Seymour, which is distinguishable on its facts and procedural history. 179 So.3d at 247.[2] In Seymour, this Court held that “a circuit court has subject-matter jurisdiction over a felony prosecution, even if that prosecution is based on a defective indictment.” Seymour, 946 So.2d at 539. Seymour, however, did not hold that a trial court could pronounce judgment against a defendant in the absence of the original charging instrument that is mandatory under Rule 2.2(d), Ala. R.Crim. P., and Art. 1, § 6, Ala. Const.1901. Also, this Court held that Seymour’s claim was procedurally barred pursuant to Rule 32.2, Ala. R.Crim. P,, because Seymour did not raise his claim at trial or bn appeal. 946 So.2d at 539. In contrast, Simmons argued bpth at trial and on appeal that he could not be convicted because the original charging instrument was not filed in the circuit court. Seymour is inapposite to this case and offers no .support for the holding in the majority opinion.
2. Thomas Does Not Support the Majority Opinion
The majority opinion recognizes that the facts and procedural posture of State v. Thomas, 550 So.2d 1067 (Ala.1989), cited by the Court of Criminal Appeals to support its holding, differ from the facts and procedural posture of this case. The rationale of Thomas actually supports the Court of Criminal Appeals’ decision, and the procedural differences between Thomas and this case are not dispositive. In Thomas, this Court stated that, “even if a court has jurisdiction of the person and of the crime, an accusation made in the manner prescribed by law is a prerequisite to the court’s power to exercise its jurisdiction.” 550 So.2d at 1070 (citing City of Dothan v. Holloway, 501 So.2d 1136, 1146 (Ala.1986) (Beatty, J., dissenting) (emphasis added)). In City of Dothan, Justice Beatty explained that “ ‘[a] person may not be punished for a crime without a formal and sufficient accusation even if he voluntarily submits to the jurisdiction of the court.’” City of Dothan, 501 So.2d at 1146 (Beatty, J., dissenting) (quoting Albrecht v. United States, 273 U.S. 1, 8, 47 S.Ct. 250, 71 L.Ed. 505 (1927)). Here, the circuit court had personal jurisdiction over Simmons because Simmons voluntarily filed a notice of appeal, but it pronounced judgment upon Simmons without “an accusation made in the manner prescribed by law” and as required by the rationale in Thomas.
3. Stegall and Young Do Not Support the Majority Opinion
The majority maintains that the Court of Criminal Appeals’ decision conflicts with Stegall v. State, 628 So.2d 1006, 1008 (Ala. *256 Orim.App.1993), in which the Court of Criminal Appeals stated that “[t]he filing of a solicitor’s complaint is not a jurisdictional prerequisite, to an appeal to the circuit court for a trial de novo.” The majority opinion also cites Ex parte Young, 611 So.2d 414 (Ala.1992), in which this Court stated:
“[A] prosecuting attorney’s complaint is not the mechanism that confers upon the circuit court jurisdiction tp proceed with a de novo appeal . The complaint is a statutory, tight of the accused that can be waived.Certainly, if the right to a complaint can be waived, then it is not the mechanism that confers subject matter jurisdiction on the circuit court in a de novo appeal.”
611 So.2d at 415 (paraphrasing Young v. City of Holm Bluff, 611 So.2d 401, - 405 (Ala.Crim.App.1992) (Bowen, J., concurring in the result and citing Moss v. State, 42 Ala. 546 (1868)) (emphasis added)). .
Stegall and Young cited a line of cases that originated in Moss v. State, supra, which Btand for the proposition that
“ ‘ “[t]he ‘complaint,’ or written accusation, required by the section last above noticed, is not found in the record. There is no waiver-of it. It was a right of the accused, in the circuit court, to have such a writing, and a proceeding without 'it, or a waiver of it, is erroneous.” ’ ”
Stegall, 628 So.2d at 1007 (quoting Young, 611 So.2d at 406 (Bowen, J., concurring in the result), quoting in turn Moss, 42 Ala. at 547, and summarizing Moss line of cases). Stegall and Young recognize that the accused has a right to the complaint. Simmons never waived the right to be prosecuted on the original complaint in the circuit court proceeding. Moreover, Ste-gall and Young did not involve a prosecutor’s substituting an information for the original complaint, as occurred here. Ste-gall and Young support the Court of Criminal Appeals’, decision, not. the majority opinion.

II. Conclusion

I believe the holding reached-in the majority opinion is unwarranted under Alabama’s Constitution,, statutory law, and precedent, The majority opinion violates Simmons’s statutory right to .be prosecuted with the original charging instrument and his constitutional. right to. obtain a copy, of the accusation against him. I respectfully dissent from the majority’s decision to reverse the judgment of the Court of Criminal Appeals.

. " ‘[T]he term “shall” is a word of command, and one which has always or which must be given a compulsory meaning; as denoting obligation.’ " Ex parte Prudential Ins. Co, of Am., 721 So.2d 1133, 1138 (Ala. 1998) (quoting Black’s Law Dictionary 1373 (6th ed.1990)).

. Judge Welch of the Court of Criminal Appeals has recognized that Seymour has been applied too broadly. See generally Patton v. State, 964 So.2d 1247, 1251-54 (Ala.Crim. App.2007) (Welch, J., concurring in the result); and Turner v. State, 51 So.3d 394, 394-401 (Ala.Crim.App.2010) (unpublished memorandum) (Welch, J., dissenting).