TYSON, Judge.
Gary Lamar Bell was charged by indictment with the first degree robbery of one Thomas Senft in that, while armed with a shotgun or gun, and by use of such force, appellant did remove some $388 from the person of the victim, contrary to the provisions of § 13A-8-41, Code of Alabama 1975. The appellant pled not guilty at arraignment and, following a jury trial, the appellant was found “guilty as charged in the indictment”. A sentencing hearing was then conducted and, at such hearing, two prior felony convictions from the State of Georgia were properly placed in evidence and, based thereon, the appellant was found guilty and sentenced to life im *209 prisonment in the penitentiary as a habitual felony offender.
I
Because, just prior to the trial of this cause, appellant’s counsel objected to the striking of certain black veniremen from the jury panel, and cites to this court the United States Supreme Court opinions of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), and in addition, the opinions of the Supreme Court of Alabama in Jackson v. State, 516 So.2d 768 (Ala.1986) and also Preston Branch v. State, 526 So.2d 609 (Ala.1987), this court must, under such cases, remand this cause for a “Batson” hearing.
During the selection of the jurors for trial of this cause, the following occurred:
“If you would be — tell you what, if you would be in the jury box at 15 minutes after the hour. We’re going to take 45 minimum. The reason I say this to you, the first terms of court in Chambers County were held out under the trees. That almost happened to us this term of court. I came to work this morning and found out that one of the neon lights in the flourescent lights in my ceiling had been burning. And had Mr. Clarke not been over here at 4:00 in the morning Saturday morning and discovered the smoke there may have been a pile of ashes where you’re sitting. Came in this morning and found that we have restroom problems on the second floor. So we’re trying to get a room set up and available for your use. So if you would just be in the jury box at a quarter after, we’ll get started at quarter after. Thank you.
“(JURY EXCUSED FOR LUNCH)
“MR. PHILLIPS: May I approach the bench, Your Honor?
“THE COURT: Yes, sir.
“MR. PHILLIPS: The defense has several motions it would like to put on the record while the jury is out, Your Honor.
“THE COURT: That’s fine. Let them go on and head out, then we will drive on.
“(JURY NOT PRESENT)
“MR. PHILLIPS: Come on up, please, Mr. Bell.
“THE COURT: Now.
“MR. PHILLIPS: Judge, the defense moves to quash the jury and the jury panel that has been selected on the basis that race played a part in the strikes exhibited and used by the District Attorney’s office. We further object to the jury panel in that said jury does not adequately represent the racial composition of the community in Chambers County and that only two of the jury members are black. Apparently a percentage of approximately 16 where as Chambers County is in the neighborhood of 40 percent black. We further object and move to quash the jury panel in that the jury selected does not fairly reflect the panel from which we had to select that the State struck a great number of jurors solely on the basis of their race. Thank you.
“THE COURT: The strike sheets that the clerk’s have in the file will not reflect the race of any of the jurors. I don’t know who struck which jurors and what the race of the each struck juror was. There are two black jurors on the panel. I’m going to deny your motion to quash at this point.
“MR. PHILLIPS: Thank you.
“THE COURT: Alright. Okay. “(LUNCH BREAK)”
As noted herein, at the trial of this cause and on appeal, the appellant contends that the prosecutors use of certain peremptory challenges to strike blacks from the jury violated his Sixth and Fourteenth Amendment rights.
Under the mandate contained in the opinions of the Supreme Court of the United States in Batson and Griffith, and in addition thereto, the opinions of the Supreme Court of Alabama in Jackson and Preston Branch, supra, this court has no alternative but to remand this cause for a hearing with counsel present to represent the appellant.
This court does, hereby, direct the trial court to conduct an evidentiary hearing to *210 determine under the cases, herein cited, if the peremptory challenges which were used to remove certain black persons from the jury venire in this cause did establish a prima facie case of racial discrimination as shown by the record in this cause. The appellant and his counsel shall be present in court at such hearing. The district attorney shall state his reasons in using such strikes and opposing counsel shall be given an opportunity to respond.
Following such hearing, a due return shall be filed in this court showing the testimony taken in the circuit court on this question and the findings of the trial judge, by written order, with reference to the evidence developed at such hearing.
Such return shall, together with the trial judge’s written findings and order, be filed expeditiously in this court following the hearing in circuit court.
This court is of the view that the Batson question was properly preserved for review in this court as shown by this record. See also Swain v. State, 504 So.2d 347 (Ala.Cr.App.1986), Levert v. State, 512 So.2d 790 (Ala.Cr.App.1987).
For the reasons stated this cause is, hereby, remanded with directions for a hearing.
REMANDED WITH DIRECTIONS.
All the Judges concur.