We granted the State's petition for a writ of certiorari to consider whether *Page 211 
the defendant's Batson[1] objection was timely. The Court of Criminal Appeals, holding that it was, remanded the case for further proceedings. See Bell v. State,535 So.2d 208 (Ala.Crim.App. 1987). The record clearly shows, however, that the defendant's objection to the venire was made after the jury had been empaneled and sworn. The record reveals the following:
 "The Court: Ladies and gentlemen, I understand it's late in the day. What I propose to do is we're going to get a jury selected, put a jury in the box, and then I would excuse the balance of you until a later time. Those twelve of you who are on the jury would then be excused for lunch. Now, I know that most of you are from the Valley, and it's getting awfully late in the day. And I know you're awfully hungry. But I think if we do it this way then it will benefit the most of you. If you would be back in the jury room at the hour, please, on the hour. Then we'll put a jury in the jury box. Then the rest of you would be released. I'll make an announcement to you. And those of you who are on the panel would be allowed to go eat at that time. If you would, be back in here at 1 o'clock.
"Thank you.
"(JURY NOT PRESENT)
"(JURY OF 12 STRUCK.)
"(JURY PRESENT)
"The Court: Check your list.
"(CLERK CHECKED THE LIST.)
 "The Court: If you would, come around and have a seat in the jury box as your name is called, please.
"(JURY OF 12 CALLED TO THE BOX.)
 "The Court: I need to make sure I have got the right folks in the jury box. If you would just acknowledge your presence as your name is called, please.
"(JURY CHECKED IN THE BOX.)
 "The Court: If I could get you ladies and gentlemen to stand and raise your right hands, please.
"(JURY OF 12 SWORN.)
 "The Court: Mr. Bailiff, if I could get you to raise your right hand, please, sir.
"(BAILIFF SWORN.)
 "The Court: Ladies and gentlemen, at this time we're going to take a luncheon recess. I know it's late in the day. We're going to take a recess, and then we'll commence this case as soon as you return. All you know about this case is the name of the case, the identification of the parties, and what you may have gathered during my questioning and the lawyers' questioning concerning your qualifications as jurors. It is very important that you not discuss or deliberate this case among yourselves or allow anyone to discuss the case with you. The time for you to discuss, deliberate, and decide this case will be only at the end of all of the testimony in this case, after the argument of counsel, and after I have charged you, that is, explained to you what the law and the issues are in this case.
 "So I would instruct you that you're not to discuss or deliberate this case among yourselves or allow anyone to discuss the case with you during any of these recesses.
 "Before we go, I want to place your mind at ease about one thing. You just heard me tell the balance of the jury panel that this case is most likely going to go into tomorrow. I want you to know that you will be allowed to go home this evening. . . . But I'll explain that to you more in detail at the end of the afternoon. If you would be — tell you what, if you would be in the jury box at 15 minutes after the hour. We're going to take 45 minimum. . . . So if you would just be in the jury box at a quarter after, we'll get started at quarter after. Thank you.
"(JURY EXCUSED FOR LUNCH)
 "Mr. Phillips: May I approach the bench, Your Honor?
"The Court: Yes, sir.
 "Mr. Phillips: The defense has several motions it would like to put on the record while the jury is out, Your Honor. *Page 212 
 "The Court: That's fine. Let them go on and head out, then we will drive on.
"(JURY NOT PRESENT)
"Mr. Phillips: Come on up, please, Mr. Bell.
"The Court: Now.
 "Mr. Phillips: Judge, the defense moves to quash the jury and the jury panel that has been selected on the basis that race played a part in the strikes exhibited and used by the District Attorney's office. . . . We further object and move to quash the jury panel in that the jury selected does not fairly reflect the panel from which we had to select [and in] that the State struck a great number of jurors solely on the basis of their race. Thank you.
 "The Court: The strike sheets that the clerks have in the file will not reflect the race of any of the jurors. I don't know who struck which jurors and what the race of the [sic] each struck juror was. There are two black jurors on the panel. I'm going to deny your motion to quash at this point.
"Mr. Phillips: Thank you.
"The Court: All right. Okay.
"(LUNCH BREAK.)"
The Court of Criminal Appeals has held that such an objection is untimely if made after the jury has been sworn to hear the case. See Williams v. State,530 So.2d 881 (Ala.Crim.App. 1988), and the cases cited therein. We agree with the Court of Criminal Appeals that, in order to preserve the issue for appellate review, a Batson
objection, in a case in which the death penalty has not been imposed, must be made prior to the jury's being sworn. We hold, therefore, that the defendant's objection came too late in this case; the judgment of the Court of Criminal Appeals must be reversed and the case remanded to that court for further proceedings consistent with this opinion.[2]
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
[2] We do not understand the Court of Criminal Appeals' reliance on Levert v. State, 512 So.2d 790
(Ala.Crim.App. 1987). It appears to us that in that case the defendant objected to the venire prior to the swearing of the jury.