Appellant was found guilty of possession of cocaine on February 23, 1988, and was sentenced to three years' imprisonment and ordered to pay $25 to the Victims Compensation Fund.
We find that only one of two issues raised by appellant warrants our attention in this opinion: appellant contends that the only three blacks on the venire were struck by the prosecutor for insufficiently raceneutral reasons, in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986).
The record shows that the jury selection process began at 9:50 a.m., the day of trial, when the following occurred:
"THE COURT: Are you ready to proceed?
"MR. BINFORD [the prosecutor]: Yes, sir.
"MR. ADAMS [defense counsel]: Yes, sir.
 "(A jury was duly qualified, struck, impaneled, sworn and entered the jury box at 10:27 a.m.)"
The trial court then recessed the jury until 1:00 p.m. Outside the presence of the jury, the trial court entertained appellant's Batson motion, wherein appellant alleged that, since he is black and since the three blacks on the venire had been struck by the prosecutor, the prosecution had the burden to show lack of racial motivation. Although the prosecution offered evidence of reasons for its strikes, we need not reach the substantive issue, for we find that the trial court correctly ruled that appellant's Batson motion was untimely.
The record clearly shows that appellant's objection was madeafter the jury had been *Page 971 
duly impaneled, sworn, and seated. This court has previously held that a Batson objection is untimely if made after the jury has been sworn. See, e.g., Williams v. State, 530 So.2d 881
(Ala.Cr.App. 1988), and cases cited therein. In Bell v. State,535 So.2d 210, 212 (Ala. 1988), our supreme court, in reviewing a procedurally similar situation, held that "in order to preserve the issue for appellate review, a Batson objection, in a case in which the death penalty has not been imposed, must be made prior to the jury's being sworn." In the instant case, appellant's objection was too late. The trial court held a full hearing, in which appellant's counsel claimed that he had no opportunity to make his objection prior to the seating of the jury because the judge was out of the courtroom and, when he approached the bench, the court suggested that it be taken up outside the presence of the jury. However, the record fails to refute the presence of the judge during the voir dire of the venire, the striking of the venire, and the swearing of the jury. Moreover, the record indicates no sidebar objection or conference prior to the swearing of the jury. Without timely objection, this court has no province to review the asserted issue.
Accordingly, this case is affirmed.
AFFIRMED.
All Judges concur.