TYSON, Judge.
Danny White was charged with burglary in the third degree, in violation of § 13A-7-7, Code of Alabama (1975). The jury found the appellant “guilty of burglary in the third degree as charged in the indictment.” The trial judge sentenced the appellant to 20 years’ imprisonment in the penitentiary.
I
The only issue the appellant raises on appeal is whether or' not the prosecutor systematically excluded blacks from the jury through his use of peremptory strikes in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
We are unable to address this issue at this time because it is unclear whether this *525 issue has been properly preserved for our review. In order for this court to address this issue, the Batson motion must have been made in a timely manner. This court has held that, in order for the motion to be timely, the appellant must make such a motion after the peremptory strikes but prior to the jury being sworn. Swain v. State, 504 So.2d 347 (Ala.Cr.App.1986). See also Williams v. State, 530 So.2d 881 (Ala.Cr.App.1988); Calhoun v. State, 530 So.2d 259 (Ala.Cr.App.1988).
In the case at bar, there is a question as to whether the Batson motion which the appellant made was timely. The appellant did not make his Batson motion until after the jury had already been placed in the box and had been given some preliminary instructions by the trial judge.
The record indicates that prior to the Batson motion, “the jury of twelve was called and placed in the jury box at 2:35 p.m. on the 5th day of January 1988.” (R. 12) However, from this language, it is unclear whether the jury was both empaneled and sworn at this particular time. It is clear from the judgment entry that the jury was sworn; however, there is no indication in the record as to when they were sworn.
Before this court can determine if the appellant’s Batson motion was in fact made in a timely manner and thus preserved for our review, it must be determined when the jury was sworn. Therefore, we remand this case to the trial court for clarification as to when the jury was sworn in this case.
The trial court shall conduct a hearing on this question with counsel present to represent the appellant. Due return shall be filed in this court showing such hearing and the trial court’s determination on this issue.
See also, Bell v. State, 535 So.2d 210 (Ala.1988).
For the reasons stated, this cause is remanded with directions for such hearing.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
TYSON, Judge.
Danny Ray White was indicted for the offense of burglary in the third degree, in violation of § 13A-7-7, Code of Alabama 1975. The appellant was found guilty of this offense and was sentenced to twenty years’ imprisonment.
The sole issue raised by the appellant on appeal is that the prosecutor violated the principles set out in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), by the use of his peremptory strikes. This court originally remanded this case to the trial court because we were unable to determine whether this issue was preserved for review, since we could not discern from the record when the jury was sworn in this case. A hearing was held on this matter and the circuit clerk testified that the entire, jury venire is sworn after the trial judge initially qualifies the venire and excuses those jurors who need to be excused. The individual jury panels are not sworn again before the trial of a particular case.
A proper objection to an alleged Batson violation must be raised after the peremptory strikes have been made but prior to the jury’s being sworn. Thornton v. State, 513 So.2d 83 (Ala.Crim.App.1987). In a situation such as the one at bar, it would appear that there would be no way to make a proper Batson objection since the jury is sworn before the jury is struck. However, since there is no opportunity to object before the jury is sworn under these circumstances, a Batson objection will be deemed timely made if it is “made early enough to give the trial court sufficient time to take corrective action without causing delay if it deemed action necessary.” Williams v. State, 530 So.2d 881, 884 (Ala. Crim.App.), cert. denied, (Ala.1988). In Williams, this court held that a Batson objection was not timely when it was not made until after the jury had been sworn, and placed in the box and the trial judge had given some preliminary instructions to the jury. In this case, the appellant did not object to the jury panel until after the jury *526 had been struck and placed in the box and the trial judge had made some preliminary instruction to the jury. It does not appear from the record that the appellant was prevented from making a timely objection. Thus, this issue is not preserved for our review.
The judgment of' the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.