Danny White was charged with burglary in the third degree, in violation of § 13A-7-7, Code of Alabama (1975). The jury found the appellant "guilty of burglary in the third degree as charged in the indictment." The trial judge sentenced the appellant to 20 years' imprisonment in the penitentiary.
 I
The only issue the appellant raises on appeal is whether or not the prosecutor systematically excluded blacks from the jury through his use of peremptory strikes in violation ofBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986).
We are unable to address this issue at this time because it is unclear whether this *Page 525 
issue has been properly preserved for our review. In order for this court to address this issue, the Batson motion must have been made in a timely manner. This court has held that, in order for the motion to be timely, the appellant must make such a motion after the peremptory strikes but prior to the jury being sworn. Swain v. State, 504 So.2d 347 (Ala.Cr.App. 1986).See also Williams v. State, 530 So.2d 881 (Ala.Cr.App. 1988);Calhoun v. State, 530 So.2d 259 (Ala.Cr.App. 1988).
In the case at bar, there is a question as to whether theBatson motion which the appellant made was timely. The appellant did not make his Batson motion until after the jury had already been placed in the box and had been given some preliminary instructions by the trial judge.
The record indicates that prior to the Batson motion, "the jury of twelve was called and placed in the jury box at 2:35 p.m. on the 5th day of January 1988." (R. 12) However, from this language, it is unclear whether the jury was both empaneled and sworn at this particular time. It is clear from the judgment entry that the jury was sworn; however, there is no indication in the record as to when they were sworn.
Before this court can determine if the appellant'sBatson motion was in fact made in a timely manner and thus preserved for our review, it must be determined when the jury was sworn. Therefore, we remand this case to the trial court for clarification as to when the jury was sworn in this case.
The trial court shall conduct a hearing on this question with counsel present to represent the appellant. Due return shall be filed in this court showing such hearing and the trial court's determination on this issue.
See also, Bell v. State, 535 So.2d 210 (Ala. 1988).
For the reasons stated, this cause is remanded with directions for such hearing.
REMANDED WITH DIRECTIONS.
All the Judges concur.