BOWEN, Judge.
Jessie Riggs was convicted of burglary in the second degree and sentenced to fifteen years’ imprisonment. On this appeal from that conviction, he contends that the prosecutor used his peremptory jury strikes in a racially discriminatory manner in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Branch, 526 So.2d 609 (Ala.1987).
The defendant initially raised the Batson issue after the jury had been selected and the remaining venire members had been excused. This objection was untimely. The failure to object to the prosecutor’s use of his peremptory strikes until after the jury has been selected and the remainder of the venire have been excused precludes a defendant from raising a Batson objection. Thornton v. State, 513 So.2d 83, 86 (Ala.Cr.App.1987). See also Bell v. State, 535 So.2d 210 (Ala.1988) (“[I]n order to preserve the issue for appellate review, a Batson objection, in a case in which the death penalty has not been imposed, must be made prior to the jury’s being sworn.”).
There were two blacks on the jury. The defense struck at least one black venire person. Although the prosecutor did strike four of the blacks on the jury panel, a race-neutral reason was articulated for each strike. Venire person # 3 displayed “negative or almost hostile looks” toward the prosecutor and “was dressed in a very strange manner with an unusual type of clothing.” A white venire person was also removed for the same reasons. Venire person # 7 was removed because his son was charged with a crime and had been in jail for three months. The brother-in-law of venire person # 14 had been charged with burglary. A white venire person was also struck for this same reason. Venire person # 9 was removed because his demeanor indicated that he “wasn’t paying attention” on voir dire and “probably had some kind of hearing difficulties.” The trial judge observed that this person “really did ap *981 pear slow on the take off for some reason throughout the questioning.”
Other than the fact that the State used four peremptory strikes against blacks, the defense presented no evidence of racial discrimination.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.