The appellant, Dana Ross Stegall, was convicted in the District Court for Baldwin County of indecent exposure. He filed a notice of appeal for a trial de novo to the Circuit Court for Baldwin County. He was convicted in circuit court, after a jury trial, of indecent exposure and was sentenced to one year in prison.
 I
The appellant initially argues that the circuit court had no jurisdiction to try his case. Specifically, he argues that Rule 30.4(a), A.R.Crim.P., was violated. This rule states:
 "Within fourteen (14) days after the filing of a notice of appeal to the circuit court for trial de novo, the clerk of the municipal or district court shall transmit to the clerk of the circuit court such records of the proceedings as are in his possession, including the original charging instrument. If appeal is from a municipal court and the clerk thereof shall fail to transmit such records to the clerk of the circuit court within the time prescribed, the municipality shall be deemed to have abandoned the prosecution; the defendant shall stand discharged, with prejudice; and any bond shall be automatically terminated."
(Emphasis added.)
The appellant argues that because the "solicitor's complaint" was not filed until 22 days after he filed a notice of appeal to the circuit court, the circuit court lacked jurisdiction to try his case and that the case therefore should have been dismissed.
Initially we must determine whether the filing of a complaint with the circuit clerk's office upon appeal from a conviction in a district court is a jurisdictional requirement. As Judge Bowen stated in his special concurrence in Young v. City of Hokes Bluff, 611 So.2d 401, 405-06
(Ala.Cr.App.), aff'd, 611 So.2d 414 (Ala. 1992):
 "The first reported case to deal with an appeal in a criminal matter from an inferior to a superior trial court appears to be Moss v. State, 42 Ala. 546 (1868). Interpreting § 4059 of the 1867 of the Alabama Code (a predecessor to current § 12-22-113), the court observed:
 " 'It is . . . certain that the conviction is not good in the absence of a brief written statement of the accusation. . . . Upon the trial in the county court no written accusation, except the warrant of arrest, seems to be required. — Revised Code, § 4046. But in that court the trial is not before a jury, and is not final. . . . The trial in the circuit court is of higher importance than that in the county court, because it is final, unless the case is carried to the supreme court for revision on decisions on points of law; and besides in the circuit court the trial is upon issue of fact before the jury. For these reasons, the legislature very properly required that there should be a brief statement of the "complaint" signed by the solicitor. — Revised Code, § 4059.
 " 'The "complaint," or written accusation, required by the section last above noticed, is not found in the record. There is no waiver of it. It was a right of the accused, in the circuit court, to have such a writing, and a proceeding without it, or a waiver of it, is erroneous.'
"Moss v. State, 42 Ala. at 547.
 "Moss has been cited by a number of later cases for the proposition that ' "[w]here a criminal case is tried in the circuit court on appeal from the county court, it is essential that there should be a brief statement of 'the complaint,' signed by the solicitor," and a proceeding without it or a waiver of it, is erroneous.' See, e.g., Bonds v. State, 28 Ala. App. 194, 195, 180 So. 735, 736 (1938); Ivey v. State, 27 Ala. App. 182, 183, 168 So. 459, 461
(1936); Borders v. State, 26 Ala. App. 467, 468, 162 So. 136 (1935); Collins v. State, 19 Ala. App. 516, 516-17, 98 So. 488 (1923); Howard v. State, Ala. App. 9, 81 So. 345, 346 (1919). *Page 1008 
 "The Moss line of cases does not hold that a prosecuting attorney's complaint is a jurisdictional prerequisite to the circuit court's proceeding on trial de novo. Instead, the line of authority holds that the complaint is a statutory right of the accused that can be waived. See Bonds v. State, 28 Ala. App. at 195, 180 So. at 736."
The filing of a solicitor's complaint is not a jurisdictional prerequisite to an appeal to the circuit court for a trial de novo. Compare Young, in which this court held that the filing of the "cause of complaint" with the circuit court upon appeal from a municipal court ruling is a notice requirement and does not confer jurisdiction in the circuit court.
Because the filing of a solicitor's complaint is not jurisdictional, the failure to raise the timeliness issue may result in a waiver of the issue. "It has many times been decided that the defendant on appeal to the circuit court from an inferior court may waive the filing of a complaint by the State." Seaman v. State, 28 Ala. App. 480, 481, 188 So. 269,270, cert. denied, 237 Ala. 598, 188 So. 270 (1939). It reasonably follows that any defects in the filing of the solicitor's complaint may also be waived.
In this case, the appellant made no motion to dismiss on the grounds of the untimely filing of the solicitor's complaint until the day of trial. The appellant filed his notice of appeal on April 30, 1992. The solicitor's complaint was filed in the circuit court on May 22, 1992. The appellant entered a plea on May 29, 1992. At no time before his plea did he question the untimely filing of the solicitor's complaint. The appellant has now waived any procedural defects in the filing of the solicitor's complaint. This court, in Cottonreeder v. State, 392 So.2d 869 (Ala.Cr.App. 1980), writ denied, 392 So.2d 873 (Ala. 1981), held:
 "In Taylor v. City of Decatur, 40 Ala. App. 571, 117 So.2d 786 (1959), the defendant was deemed to have waived the filing of the solicitor's complaint where he did not demand one and where he filed a demurrer in circuit court to the original complaint sent up from the inferior court. Likewise, in the instant case, we find no demand by appellant that the circuit court proceed on a district attorney's complaint and likewise we find that appellant filed a demurrer in circuit court to the original complaint sent up from the district court."
392 So.2d at 873.
 II
The appellant next contends that the trial court erred in ruling that his Batson[1] motion was untimely. The only reference in the record to a Batson objection is the following statement made by the court:
 "[L]et the record show that after Counsel and the Court returned from chambers and the Clerk had, pursuant to the Court's instructions, called the names of the twelve jurors to hear this case, Counsel for the Defendant approached the bench and said that he wished to make a Batson objection and the Court informed Counsel for the Defendant that the objection came too late because the jury had already been impaneled, they had put them in the box but I had not administered the oath. The oath was not administered but the jury had been impaneled in the jury box."
This court has generally held that a Batson objection must be made prior to the jury's being sworn. Nance v. State,598 So.2d 30 (Ala.Cr.App. 1992); Fearn v. City of Huntsville,568 So.2d 349 (Ala.Cr.App. 1990); Riggs v. State, 558 So.2d 980
(Ala.Cr.App. 1989), writ denied, 558 So.2d 981 (Ala. 1990);Musgrave v. State, 555 So.2d 1190 (Ala.Cr.App. 1989); Saffoldv. State, 536 So.2d 970 (Ala.Cr.App. 1988).
However, as the state correctly argues, the fact that the jury had been sworn is not the only reason for finding theBatson objection untimely. As this court stated in McGruder v.State, 560 So.2d 1137 (Ala.Cr.App. 1989):
 "As the Fifth Circuit Court of Appeals has stated: 'The [Supreme] Court in Batson envisioned that a motion to strike would be made promptly, probably before the venire was dismissed. See [476 U.S. 79], at [99-100] n. 24, 106 S.Ct. [1712] at 1724 n. 24' United States v. Erwin, 793 F.2d 656, *Page 1009 
667 (5th Cir.), cert. denied, 479 U.S. 991, 107 S.Ct. 589, 93 L.Ed.2d 590 (1986) (emphasis added [in McGruder]) (quoted in Williams v. State, 530 So.2d [881] at 884 [Ala.Cr.App. (1988)]). The Erwin
court found the defendants' Batson motion, which was made after the jury was selected and the remainder of the venire released, but before the jury was empaneled, to be untimely. 'In so holding, the court placed emphasis on the difficulties such untimeliness would cause the [trial] court and the great delay in starting the trial if a new venire had to be drawn and summoned.' 530 So.2d at 884 (emphasis added [in McGruder]). While the appellate courts of this state have adopted the swearing of the jury as a specific 'cut-off point' for making a timely Batson motion, it is clear that we have done so because the swearing of the jury generally indicates that the rest of the venire has been excused. It is the release of the unselected members of the venire and the problems and difficulties created thereby which truly govern the timeliness of a Batson motion. See Williams, 530 So.2d at 884-85; United States v. Romero-Reyna, 867 F.2d 834, 837 (5th Cir. 1989) ('to be timely, the Batson, objection must be made before the venire is dismissed and before trial commences') (emphasis added [in McGruder]); Erwin, supra. As we stated in Williams, '[r]equiring the objection to be made before the jury is sworn and the remainder of the venire released does not appear to us to be an unreasonable requirement.' 530 So.2d at 885 (emphasis added [in McGruder])."
560 So.2d at 1142-43.
Thus, whether the appellant's Batson objection was untimely is governed by whether the remaining venire members had been released. From the scant record that is before us concerning the appellant's Batson motion, we cannot determine whether the remaining venire had been released after the appellant's jury was selected.
"This court 'cannot presume the existence of facts of which the record is silent and make it a ground for reversal.'Dais v. State ex rel. Davis, 420 So.2d 278, 279 (Ala.Civ.App. 1982)." Keasler v. Hampton, 568 So.2d 1242, 1243
(Ala.Civ.App. 1990).
 "This court cannot predicate error on matters not shown by the record, nor can we presume error from a silent record. Smelcher v. State, 520 So.2d 229 (Ala.Cr.App. 1987); Abbott v. State, 494 So.2d 789 (Ala.Cr.App. 1986). 'Where the record is silent on appeal, it will be presumed that what ought to have been done was not only done, but rightly done.' Jolly v. State, 405 So.2d 76 (Ala.Cr.App. 1981); Watson v. State, 398 So.2d 320
(Ala.Cr.App. 1980), writ denied, 398 So.2d 332
(Ala.), cert. denied, 452 U.S. 941, 101 S.Ct. 3085, 69 L.Ed.2d 955 (1981)."
Owens v. State, 597 So.2d 734, 736 (Ala.Cr.App. 1992).
Because of the inadequacy of the record, we can find no error in the trial court's denial of the appellant'sBatson's motion as untimely. We must presume the actions of the trial court were correct.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986).