MADDOX, Justice
(dissenting).
This ease involves a Batson issue.[1] The State of Alabama, in its petition for the writ of certiorari, contends that the Court of Criminal Appeals erred in requiring the trial court to hold an evidentiary hearing to determine whether the defendant had established a prima facie case of racial discrimination based upon the prosecution’s exercise of peremptory strikes when selecting the jury. See Akin v. State, 668 So.2d 74 (Ala.Crim. App.1995). The State argues that the defendant’s Batson motion was untimely and, therefore, that the issue was not preserved for review. I agree with the State’s argument; I would issue the writ and reverse the judgment of the Court of Criminal Appeals.
The defendant in this case is white and the victim was black. The jury venire consisted of 54 members, which was 30 more than the parties were entitled to; this fact could have caused some of the problems with the exercise of the parties’ respective peremptory challenges.[2] Eighteen of the 54 venire-members were black. The State used its strikes to remove 20 whites, and the defendant struck 13 blacks and 7 whites. The jury venire then consisted of 5 blacks and 9 *78 whites. The State timely asked the trial court to require the defendant to give race-neutral reasons for his peremptory strikes removing blacks from the jury. The trial court, after determining that the State had made a prima facie showing of racial discrimination, and after determining that the defendant had not given race-neutral reasons for those strikes, required the defendant to replace 3 white jurors with 3 black jurors. The record shows that an exchange then occurred between the defendant and the court in which the defendant excepted to the court’s substitution of the jurors. During this colloquy, the defendant contended that his exercise of the peremptory strikes did not violate Batson principles. The defendant also stated that he wished to challenge the prosecution’s strikes, but I believe that the record supports the trial court’s determination that the defendant’s Batson objection was untimely.[3] The defendant was convicted. On appeal, the Court of Criminal Appeals remanded for a determination whether Akin had established a prima facie ease of racial discrimination in the State’s exercise of its peremptory strikes, holding that Akin’s objection, “while not artfully articulated, was timely.” Akin v. State, 668 So.2d at 75. I think that court erred.
The holding of the Court of Criminal Appeals appears to me to be in direct conflict with Stegall v. State, 628 So.2d 1006 (Ala. Crim.App.1993). In that case, in which this Court denied review, the Court of Criminal Appeals stated that absent evidence in the record indicating that the remaining venire-members had been released after the defendant’s jury was selected, there would be a presumption that the trial court correctly denied the defendant’s Batson objection as untimely, when the objection had been made after the jury was empaneled but before the jury had been sworn. The record in this case, as set out in the petition and in the opinion of the Court of Criminal Appeals, seems to show that defense counsel admitted that he failed to speak up on the day before when asked by the judge if this was the correct jury.
I believe the trial judge was legally correct in refusing to allow defense counsel to interpose a Batson claim the next morning after “reviewing the strikes” overnight.
Based on the foregoing, I would issue the writ, and reverse the judgment of the Court of Criminal Appeals.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

. I have stated before why I think trial judges should limit the panels from which the parties exercise their peremptory strikes. In Huntley v. State, 627 So.2d 1013, 1017-18 (Ala.1992), in a special concurring opinion, I said:
"I have always thought that many Batson problems could be eliminated in both criminal and civil cases by the following procedure:
“(1) Requiring prospective jurors, when they are summoned to appear or when they assemble, to fill out a written questionnaire that would provide substantial background information to the parties to use in exercising their peremptory strikes. [Footnote omitted.] In addition to a general questionnaire, the parties might have specific questions, because of the particular nature of the case to be tried, that they would want prospective jurors to answer.
“(2) Limiting the number of peremptory strikes available by limiting the size of the venire from which the parties begin striking. In a majority of civil and criminal cases, the rules of procedure only require 24 qualified jurors to be on the panel when the parties begin to exercise their peremptory challenges.
"(3) Adopting the rule used in Federal courts that prohibits so-called ‘back striking'; that is, placing 12 qualified prospective jurors in the jury box, and having the parties decide how many of those 12 they separately and severally want to strike. If a prospective juror was not removed from the box by either side, that juror could not be removed later.”
In that special concurrence, I also pointed out that "[bjecause the Batson rule now applies to strikes exercised by criminal defendants [as it was in this case], and because I believe that it will soon apply to gender-based strikes [as the Supreme Court of the United States held in J.E.B. v. Alabama, — U.S.-, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994)], I think trial judges should consider permitting prospective jurors to fill out a questionnaire that would contain information helpful to the parties in exercising peremptory challenges without regard to a prospective juror’s race or gender. Such a procedure would greatly assist the trial court in determining whether a party has made a prima facie case of discrimination and whether any reasons offered in support of the strikes were in fact race-neutral. Furthermore, the procedure would greatly assist appellate courts in reviewing challenges made by either side.” 627 So.2d at 1018.

. The record appears to show that the jury returned to the courtroom late in the day and that both the prosecution and the defense recognized the jury as the correct jury. It was not until the next day that the defendant made a Batson challenge, after "reviewing the strikes.” He asked for a new jury. After some discussion, the trial court denied his motion.