JOINER, Judge,
dissenting.
I respectfully dissent from this Court’s decision declaring Siminons’s conviction void because the decision is in conflict with Ex parte Seymour, 946 So.2d 536 (Ala.2006), and Stegall v. State, 628 So.2d 1006 (Ala.Crim.App.1993).
The majority opinion states:
“Simmons argues ... that the circuit court lacked jurisdiction to proceed to trial and to enter a judgment of conviction against him, because ... the original charging instrument was not filed in the circuit court.”[4]
179 So.3d at 245 (emphasis added). The majority opinion concludes that “[i]n the absence of a proper charging instrument, the trial court could not exercise its jurisdiction over Simmons’s appeal.” 179 So.3d at 246. The failure to file a proper charging instrument in the circuit court, however, did not divest the circuit court of jurisdiction over Simmons’s case.
This Court in Stegall addressed the failure to properly file a “solicitor’s complaint” in the circuit court on an appeal from a district-court conviction for a trial de novo. In Stegall, Stegall argued that “because the ‘solicitor’s complaint’ was not filed until 22 days after [Stegall] filed a notice of appeal to the circuit court, the circuit court lacked jurisdiction to try his case and that the case therefore should have been dismissed.” 628 So.2d at 1007. This Court *247 held that “[t]he filing of a solicitor’s complaint is not a jurisdictional prerequisite to an appeal to the circuit court for a trial de novo.” Id. at 1008. In other words, the circuit court’s jurisdiction over an appeal from district court for a trial de novo is not determined by whether a charging instrument is filed.
Our holding in Stegall, although decided approximately 13 years before Seymour, is consistent with Seymour In Seyrmour, the Alabama Supreme Court explained:
“Jurisdiction is ‘[a] court’s power to decide a case or issue a decree.’ Black’s Law Dictionary 867 (8th ed. 2004). Subject-matter jurisdiction concerns a court’s power to decide certain types of cases. Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911) (“‘By jurisdiction over the subject-matter is meant the nature of the cause, of action and of the relief sought.”’ (quoting Cooper v. Reynolds, 71 U.S. (10 Wall.) 308, 316, 19 L.E,d. 931 (1870))). That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (subject-matter jurisdiction refers to a court’s ‘statutory or,constitutional power’ to adjudicate a case). In deciding whether Seymour’s claim- properly challenges the trial court’s subject-matter jurisdiction, we ask only whether the trial- court had the constitutional and statutory authority to try the offense with which Seymour was charged and as to which he has filed his petition for certiorari review.”
946 So.2d at 538.
Thus, to determine whether the Lowndes Circuit Court had jurisdiction over Simmons’s case, our only inquiry is “whether the [circuit] court had the constitutional and statutory authority to try the offense with which [Simmons] was charged.” Seymour, supra.
As the majority opinion' explains, Simmons, a school teacher, was charged with having sexual contact'With a student under the age of 19 years, see § 13A-6-82, Ala. Code 1975, a Class A misdemeanor. Simmons was convicted, as charged, in the Lowndes District Court, and he appealed that conviction to the Lowndes Circuit Court.
“Under the Alabama Constitution, a circuit court ‘shall exercise general jurisdiction in all eases except as may be otherwise provided by law.’ Amend. No. 328, § 6.04(b), Ala. Const. 1901....”
Seymour, 946 So.2d at 538.
Circuit courts have “exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser, included offenses vsithin a felony charge or which arise from the same incident as a felony charge.” § 12-11-30(2), Ala.Code 1975. Because Simmons was charged with a misdemeanor offense that did not arise from the same incident as a felony, the Lowndes Circuit Court did not have original jurisdiction over- the offense. Although the circuit court did not have original jurisdiction over Simmons’s case, the circuit court had the statutory authority to exercise jurisdiction over Simmons’s appeal of his district-court conviction to the circuit court for a trial de novo. See § 12-11-30(3), Ala'.Code 1975 (“The circuit court shall have appellate jurisdiction of ... criminal ... cases in district court.... Appeals to the circuit court shall be tried de novo, with or without a jury, as provided by law.”).
Although the majority concludes that “[i]n the absence of a proper charging instrument, the trial court could not exercise its jurisdiction over Simmons’s appeal,” 179 So.3d at 246, Stegall and Seymour make it clear that the filing of a *248 charging-instrument in the circuit court on an appeal from a district-court conviction is, not a-.jurisdictional prerequisite to a conviction in the circuit court. Under Seymour and Stegall, the. charging instrument is not what confers jurisdiction upon the circuit court; instead, it is the Alabama Constitution and statutes that confer jurisdiction. .
Moreover, despite the majority opinion’s characterization of Simmons’s argument, Simmons’s brief on appeal — although not a model of clarity — does not appear to raise a claim alleging that the circuit court did not have subject-matter-jurisdiction over his case because the complaint originally filed in district court, upon which he was charged and convicted, was not filed in the circuit court. Simmons, instead, appears to argue that the circuit court lacked subject-matter jurisdiction over <his case because, he says, the State changed the charging instrument from a complaint to an information without alleging in the information a specific factual basis for the “-sexual contact.”
Before trial, Simmons argued to the circuit court that the information filed by the State differed from the complaint filed in district court. Specifically, Simmons argued that the complaint filed, in district court alleged that the “sexual contact” between Simmons and the victim was described as “kissing” and that the information filed in the circuit court did not also state that “kissing” was the basis for the sexual contact .in this case. In other words, Simmons argued that the State attempted to broaden the factual basis by which it could prove sexual contact by omitting “kissing” as the basis for the sexual contact.
Simmons contends in his brief on appeal that the State did so-because, he says, the State ■
“[r]ealiz[ed] [it]-could never make,a criminal case on the original complaint, and knowing, too, that original complaint merely recited kissing as the criminal conduct alleged against Simmons, the State had. to devise a scheme to institute a new charging instrument.”
(Simmons’s brief, p. 18.) Simmons’s argument is grounded in his belief-that “kissing” is insufficient to sustain, a conviction for having sexual contact 'With a student under the age of 19 years- under § 13A-6-82, Ala.Code 1975.- .
Although Simmons correctly asserts that the information filed in the circuit court omitted “kissing’” as'“the factual basis for the offénse, Simmons was not’ prejudiced by this omission because, as the State explained before the hearing, the State in-ténded to prove the offense at trial in the circuit court in the same manner as it did in the district court — specifically, by establishing that ' “kissing” was the sexual contact between Simmons and the victim. (R. 103.) A review of the transcripts in this case — the record on appeal includes both the district court trial and the circuit court trial — establish' that the State’s evidence in the circuit court was' materially the same as its evidence in the district court.
Thus, because Simmons was convicted on the same evidence in both the district and the circuit court, Simmons suffered no prejudice related to his claim regarding the “changing” of the charging instrument. See Rule 45, Ala. R.App. P.
Accordingly, I respectfully dissent.

. As discussed below, I read Simmons’s argument differently than does the majority opinion.