REL: 06/20/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

OCTOBER TERM, 2013-2014

————————————————

1130541

————————————————

Ex parte State of Alabama

PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS

(In re: State of Alabama

v.

Charles Marquis Simmons)

(Lowndes Circuit Court, CC-12-46;
Court of Criminal Appeals, CR-12-1393)

STUART, Justice.

1130541

Charles Marquis Simmons was convicted of a Class A misdemeanor in the Lowndes District Court; he appealed the conviction to the Lowndes Circuit Court for a trial de novo. He was convicted in the circuit court and appealed the circuit court's judgment to the Court of Criminal Appeals. The Court of Criminal Appeals reversed the judgment and remanded the case. Simmons v. State, [Ms. CR-12-1393, November 8, 2013] ___ So. 3d ___ (Ala. Crim. App. 2013). The State petitioned this Court for certiorari review of the decision of the Court of Criminal Appeals. We reverse and remand.

Facts and Procedural History

The mother of the victim filed a complaint, stating that Simmons, a teacher, had had sexual contact with her daughter, who at the time the sexual contact occurred was under 19 years old. Simmons was convicted in the district court for having sexual contact with a student less than 19 years old, a violation of § 13A-6-82, Ala. Code 1975. Simmons filed a timely notice of appeal to the circuit court for a trial de novo. It is undisputed that the mother's complaint was not included in the file forwarded to the circuit court by the district court clerk. An information, however, was filed in

2

the circuit court by the district attorney after Simmons had filed his notice of appeal for a trial de novo.

Before the trial in the circuit court commenced, Simmons moved to dismiss the case against him because, he said, the original charging instrument from the district court, the mother's complaint, was not being used to prosecute his case, and he objected to being prosecuted on the information filed by the district attorney subsequent to his conviction in the district court. The circuit court denied his motion, and the trial proceeded. Simmons was convicted in the circuit court and appealed to the Court of Criminal Appeals. The Court of Criminal Appeals held that, "[i]n the absence of a proper charging instrument, the circuit court could not exercise jurisdiction over Simmons's appeal," ___ So. 3d at ___, and that the circuit court's judgment was void and due to be set aside, and it reversed the judgment and remanded the case.

## Standard of Review

"'"'This Court reviews pure questions of law in criminal cases de novo.'"'" Ex parte Brown, 11 So. 3d 933, 935 (Ala. 2008) (quoting Ex parte Morrow, 915 So. 2d 539, 541 (Ala. 2004), quoting in turn Ex parte Key, 890 So. 2d 1056, 1059

1130541

(Ala. 2003))."  Hiler v. State, 44 So. 3d 543, 546 (Ala. 2009).

Discussion

The State contends that the decision of the Court of Criminal Appeals that the circuit court could not exercise jurisdiction over Simmons's appeal for a trial de novo because the original charging instrument was not used to prosecute the case conflicts with Ex parte Seymour, 946 So. 2d 536 (Ala. 2006), and Stegall v. State, 628 So. 2d 1006 (Ala. Crim. App. 1993).

In Ex parte Seymour, this Court established that a court's subject-matter jurisdiction is determined by "whether the trial court [has] the constitutional and statutory authority to try the offense" with which a defendant has been charged. 946 So. 2d at 538.  Section 12-11-30(3), Ala. Code 1975, provides:

> "The circuit court shall have appellate jurisdiction of ... criminal ... cases in district court ....  Appeals to the circuit court shall be tried de novo, with or without a jury, as provided by law."

In this case, Simmons was convicted in the district court of a Class A misdemeanor.  He appealed his conviction to the circuit court for a trial de novo.  In accordance with § 12-

4

1130541

11-30(3), Ala. Code 1975, and Ex parte Seymour, the circuit court had subject-matter jurisdiction over Simmons's case.

The decision of the Court of Criminal Appeals acknowledges Ex parte Seymour and does not appear to dispute the fact that the circuit court had subject-matter jurisdiction over Simmons's case; rather that court asserts that "the filing of the proper charging instrument was required for the jurisdiction belonging to the circuit court to attach." ___ So. 3d at ___ (emphasis added). In other words, according to the Court of Criminal Appeals, the circuit court's jurisdiction in this particular case was not invoked because the original charging instrument used in the district court was not used in the circuit court to prosecute the case. In support of its assertion, the Court of Criminal Appeals cites State v. Thomas, 550 So. 2d 1067, 1072 (Ala. 1989).

State v. Thomas, however, does not support the Court of Criminal Appeals' decision that jurisdiction in the circuit court did not "attach" in Simmons's case. In State v. Thomas, this Court considered whether the juvenile court had jurisdiction over the mother of a child when no judicial proceeding had been initiated against the child. In that

5

1130541

case, the child had been arrested and released into the mother's custody without being charged for any offense. When the mother refused to bring the child in for further questioning by law-enforcement officers, the law-enforcement officers moved the juvenile court for a pickup order for the child. The juvenile court issued the order. When the officers executed the order, the mother informed them that she did not know the child's whereabouts. After being advised of the mother's statement, the juvenile court issued a pickup order for the mother, conducted a hearing, and ordered the mother to produce the child. When the mother did not appear with the child as ordered, the juvenile court placed the mother in jail for contempt of court for failing to comply with the court's order to produce the child. This Court recognized that the statutory authority applicable at that time to establish the juvenile court's jurisdiction required the filing of a petition with the intake officer alleging that the child is delinquent, dependent, or in need of supervision, and the juvenile court had to determine, after conducting a preliminary inquiry, that the child was within its jurisdiction. See former §§ 12-15-30 through -36, Ala. Code

6

1975 (now repealed). Because the statutory requirements to establish the juvenile court's jurisdiction had not been satisfied, this Court held in State v. Thomas that the juvenile court did not have jurisdiction over the child and, consequently, did not have jurisdiction over the mother.

The facts and circumstances in this case are clearly distinguishable from those in State v. Thomas. In State v. Thomas, no action had been initiated in the juvenile court with regard to the child for the juvenile court's jurisdiction to attach; therefore, the juvenile court could not exercise its jurisdiction over the child's mother. Here, an action had been initiated in the circuit court. After Simmons was convicted in the district court, Simmons filed a notice of appeal for a trial de novo in the circuit court. As previously established, the circuit court has jurisdiction over appeals from the district court. Thus, unlike State v. Thomas, where no action was taken to commence a judicial proceeding for the juvenile court's jurisdiction to attach, Simmons's action of filing a notice of appeal of his district court conviction in the circuit court for a trial de novo satisfied the statutory requirements for the circuit court's

1130541

jurisdiction and the circuit court's jurisdiction "attached" to his case.

Moreover, the decision of the Court of Criminal Appeals that the circuit court could not exercise jurisdiction over Simmons's appeal because of the absence of the original charging instrument conflicts with Stegall v. State, 628 So. 2d 1006 (Ala. Crim. App. 1993). In Stegall, the Court of Criminal Appeals held that "[t]he filing of a solicitor's complaint [from the district court] is not a jurisdictional prerequisite to an appeal to the circuit court for a trial de novo." 628 So. 2d at 1008.

Furthermore, in Ex parte Young, 611 So. 2d 414, 415 (Ala. 1992), this Court stated:

"[A] prosecuting attorney's complaint is not the mechanism that confers upon the circuit court jurisdiction to proceed with a de novo appeal. The complaint is a statutory right of the accused that can be waived. Young [v. City of Hokes Bluff], 611 So. 2d [401,] 405 [(Ala. Crim. App. 1992)], Bowen, J., concurring and citing Moss v. State, 42 Ala. 546 (1868). Certainly, if the right to a complaint can be waived, then it is not the mechanism that confers subject matter jurisdiction on the circuit court in a de novo appeal."

(Footnote omitted.)

8

1130541

Accordingly, if the filing in the circuit court of the original charging instrument by which the action was commenced in the district court is not a jurisdictional prerequisite to an appeal to the circuit court for a trial de novo, the filing in the circuit court of the original charging instrument from the district court cannot be a requirement for "jurisdiction to attach" or to be exercised. Therefore, the decision of the Court of Criminal Appeals that the circuit court's jurisdiction did not attach in this case conflicts with Stegall.

When Simmons filed his notice of appeal for a trial de novo in the circuit court, the circuit court's jurisdiction over his appeal for a trial de novo "attached," and the fact that the case was not prosecuted using the original charging instrument from the district court did not affect the circuit court's jurisdiction.

## Conclusion

Based on the foregoing, the Court of Criminal Appeals erred in holding that the circuit court could not exercise its jurisdiction or that the circuit court's jurisdiction did not attach because the charging instrument from the district court was not used to prosecute Simmons's case in the circuit court.

9

1130541

The judgment of the Court of Criminal Appeals is reversed, and this case is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.

Bolin, Murdock, Shaw, Main, Wise, and Bryan, JJ., concur.

Stuart, J., concurs specially.

Moore, C.J., and Parker, J., dissent.

1130541

STUART, Justice (concurring specially).

As the main opinion recognizes, our caselaw provides that the complaint does not confer jurisdiction upon the circuit court to proceed with a de novo appeal from a district court conviction, and a defendant can waive the right to a complaint in a de novo appeal. ___ So. 3d at ___; Ex parte Young, 611 So. 2d 414, 415 (Ala. 1992). Therefore, the absence of the district court's original charging instrument in the circuit court's file of a de novo appeal cannot impact the circuit court's jurisdiction over the appeal. Applying the law to the facts of this case, the majority properly concludes that, "[w]hen Simmons filed his notice of appeal for a trial de novo in the circuit court, the circuit court's jurisdiction over his appeal for a trial de novo 'attached,' and the fact that the case was not prosecuted using the original charging instrument from the district court did not affect the circuit court's jurisdiction." ___ So. 3d at ___.

It is also important to recognize that the main opinion does not address whether Simmons properly exercised his constitutional and statutory right and demanded a copy of the original charging instrument and whether the circuit court improperly denied his request or whether Simmons waived this

11

1130541

right. This <u>nonjurisdictional</u> issue was not before this Court and, if properly preserved and presented, remains for the Court of Criminal Appeals to resolve.

1130541

MOORE, Chief Justice (dissenting).

I respectfully dissent. I believe the Court of Criminal Appeals properly held that in the absence of the original charging instrument, as required by Rule 2.2(d), Ala. R. Crim. P., and by Art. I, § 6, Ala. Const. 1901, the circuit court could not exercise its jurisdiction over Charles Marquis Simmons's appeal from the district court to the circuit court for a trial de novo.

## I. Discussion

The controlling issue is whether the circuit court could <u>exercise jurisdiction</u> over Simmons's appeal for a trial de novo in the absence of the original charging instrument, as required by Rule 2.2(d), Ala. R. Crim. P. The Court of Criminal Appeals correctly concluded that the circuit court could not exercise jurisdiction over Simmons's appeal. By reversing the judgment of the Court of Criminal Appeals, the majority opinion has in effect decided that a defendant may be prosecuted in Alabama without an accusation as required by law. The majority opinion completely neglects the requirements of the Alabama Rules of Criminal Procedure and the constitutional guarantees in Art. I, §§ 6 and 8, Ala. Const. 1901.

13

## A. The Alabama Rules of Criminal Procedure

Rule 2.1, Ala. R. Crim. P., states that "[a]ll criminal proceedings shall be commenced either by indictment or by complaint." A complaint "serves the ... purpose of being the accusatory instrument in most misdemeanor cases." Committee Comments to Rule 2.3, Ala. R. Crim. P. The Committee Comments to Rule 2.1 explain that, "[u]nder the Alabama Constitution of 1901, criminal actions may not be 'commenced' by an information, but under the very limited procedure provided in Rule 2.2(e), infra, once an action is commenced by complaint, the defendant may be proceeded against by information." Committee Comments to Rule 2.1, Ala. R. Crim. P. (emphasis added). Rule 2.2(e), Ala. R. Crim. P., states:

> "At arraignment on an information following receipt of a defendant's written notice of his or her desire to plead guilty as charged or as a youthful offender upon the granting of youthful-offender status, the court shall proceed as provided in Rule 14.4[, Ala. R. Crim. P., acceptance of guilty plea]. If the court does not accept the defendant's guilty plea or denies the defendant's application for youthful-offender status, the court shall proceed as provided by law."

Because Simmons did not give notice of a desire to plead guilty as charged, Rule 2.2(e) does not apply. Accordingly, Simmons cannot be prosecuted on an information.

14

Rule 30.5(a), Ala. R. Crim. P., states that, "[w]hen appeal is taken to the circuit court for a trial de novo, <u>the trial shall be prosecuted as provided in Rule 2.2(d)</u>," which provides that an appeal from the district court to the circuit court for trial de novo "<u>shall be prosecuted in the circuit court on the original charging instrument</u>." The word "shall" in both rules is mandatory.[1] The majority opinion completely ignores the mandatory requirements of Rules 2.2(d) and 30.5(a), which serve to protect the constitutional rights of every Alabamian.

## B. Alabama's Declaration of Rights

"The use of an information is severely restricted in Alabama." Committee Comments to Rule 13.1, Ala. R. Crim. P. This originates in Art. I, §§ 6 and 8, Ala. Const. 1901. Section 8 provides:

> "No person shall for any indictable offense be proceeded against criminally by information ... <u>otherwise than is provided in the Constitution</u>. In cases of misdemeanor, the Legislature may by law dispense with a grand jury and authorize

---

[1]"'[T]he term "shall" is a word of command, and one which has always or which must be given a compulsory meaning; as denoting obligation.'" <u>Ex parte Prudential Ins. Co. of Am.</u>, 721 So. 2d 1135, 1138 (Ala. 1998) (quoting <u>Black's Law Dictionary</u> 1375 (6th ed. 1990)).

prosecutions and proceedings before any inferior courts <u>as may be by law established</u>."

(Emphasis added.) "The effect of [§ 8] and §§ 15-15-20 through -26, [Ala. Code 1975,] is to limit the use of an information in Alabama to the situation where a defendant, before indictment, pleads guilty to a noncapital felony offense." Committee Comments to Rule 13.1, Ala. R. Crim. P. Simmons was not accused of a felony, and he cannot be prosecuted by information in Alabama.

Rule 2.2(d) helps to protect the constitutional rights of the accused "in all criminal prosecutions" and gives Simmons "a right to ... demand the nature and cause of the accusation; and <u>to have a copy thereof</u>." Art. I, § 6, Ala. Const. 1901 (emphasis added). The Alabama Rules of Criminal Procedure must be construed so as "to secure ... fairness in administration ... and to protect the rights of the individual while preserving the public welfare." Rule 1.2, Ala. R. Crim. P. Rule 1.2 "carries with it the constitutional guarantee found in Article I, § 6, Alabama Constitution of 1901, that no person shall 'be deprived of life, liberty, or property, except by due process of law.'" Committee Comments to Rule 1.2, Ala. R. Crim. P. The Court of Criminal Appeals correctly

observed in this case that "an information is not a substitute for a complaint or indictment." ___ So. 3d at ___. The district attorney's information is not "a copy" of the original complaint against Simmons and does not satisfy the due-process guarantees in Art. I, § 6, Ala. Const. 1901.

In Ex parte Seymour, 946 So. 2d 536 (Ala. 2006), this Court correctly defined jurisdiction as "'[a] court's power to decide a case or issue a decree,'" and as "a court's power to decide certain types of cases," which "power is derived from the Alabama Constitution and the Alabama Code." 946 So. 2d at 538 (quoting Black's Law Dictionary 867 (8th ed. 2004) (emphasis added)). A court's constitutional power must be exercised in conformity with the Constitution. Section 36 of Art. I, Declaration of Rights, provides that "to guard against any encroachments on the rights herein retained, we declare that everything in this Declaration of Rights is excepted out of the general powers of government, and shall forever remain inviolate." Art. I, § 36, Ala. Const. 1901. "'Section 36 erects a firewall between the Declaration of Rights that precedes it and the general powers of government, including the authority to exercise judicial power, that follow it.'" 1568 Montgomery Highway, Inc. v. City of Hoover, 45 So. 3d

17

319, 342 (Ala. 2010) (quoting Ex parte Cranman, 792 So. 2d 392, 401 (Ala. 2000) (emphasis added)). Section 36 forbids the courts of Alabama from exercising judicial powers, i.e., jurisdiction, so as to violate or encroach upon the fundamental rights retained by the people of Alabama in the Declaration of Rights. Under the majority opinion's view of Seymour, the circuit court's jurisdiction overrides the Alabama Rules of Criminal Procedure and §§ 6 and 8 of the Declaration of Rights. The majority opinion, in trying to uphold the circuit court's jurisdiction in this case, denies Simmons his constitutional and statutory right to demand a copy of the accusation and so deprives Simmons of his liberty without due process of law.

C. Problems with the Majority Opinion

1. Ex parte Seymour Is Inapposite

The majority quotes Seymour for the proposition that, in deciding whether a claim properly challenges the trial court's subject-matter jurisdiction, we ask only "'whether the trial court [has] the constitutional and statutory authority to try the offense' with which a defendant has been charged" and states that, "[i]n accordance with § 12-11-30(3), Ala. Code 1975, and Ex parte Seymour, the circuit court had subject-

18

matter jurisdiction over Simmons's case." ___ So. 3d at ___ (quoting Seymour, 946 So. 2d at 538). The majority's holding does not rely on Seymour's principles of subject-matter jurisdiction but on the majority's conclusion that the circuit court's jurisdiction attached "[w]hen Simmons filed his notice of appeal for a trial de novo in the circuit court." ___ So. 3d at ___. The fact that Simmons perfected his appeal is irrelevant. This case is about whether the circuit court could exercise its acknowledged jurisdiction in the absence of the original charging instrument. Seymour offers no guidance on this issue.

The Court of Criminal Appeals correctly recognized that its decision did not conflict with Seymour, which is distinguishable on its facts and procedural history. ___ So. 3d at ___.[2] In Seymour, this Court held that "a circuit court has subject-matter jurisdiction over a felony prosecution, even if that prosecution is based on a defective indictment." Seymour, 946 So. 2d at 539. Seymour, however, did not hold

---

[2]Judge Welch of the Court of Criminal Appeals has recognized that Seymour has been applied too broadly. See generally Patton v. State, 964 So. 2d 1247, 1251-54 (Ala. Crim. App. 2007) (Welch, J., concurring in the result); and Turner v. State, 51 So. 3d 394, 394-401 (Ala. Crim. App. 2010) (unpublished memorandum) (Welch, J., dissenting).

19

that a trial court could pronounce judgment against a defendant in the <u>absence</u> of the original charging instrument that is mandatory under Rule 2.2(d), Ala. R. Crim. P., and Art. I, § 6, Ala. Const. 1901. Also, this Court held that Seymour's claim was procedurally barred pursuant to Rule 32.2, Ala. R. Crim. P., because Seymour did not raise his claim at trial or on appeal. 946 So. 2d at 539. In contrast, Simmons argued both at trial and on appeal that he could not be convicted because the original charging instrument was not filed in the circuit court. <u>Seymour</u> is inapposite to this case and offers no support for the holding in the majority opinion.

2. <u>Thomas</u> <u>Does Not Support the Majority Opinion</u>

The majority opinion recognizes that the facts and procedural posture of <u>State v. Thomas</u>, 550 So. 2d 1067 (Ala. 1989), cited by the Court of Criminal Appeals to support its holding, differ from the facts and procedural posture of this case. The rationale of <u>Thomas</u> actually supports the Court of Criminal Appeals' decision, and the procedural differences between <u>Thomas</u> and this case are not dispositive. In <u>Thomas</u>, this Court stated that, "even if a court has jurisdiction of the person and of the crime, an accusation made in the manner prescribed by law is a prerequisite to the court's power to

20

exercise its jurisdiction." 550 So. 2d at 1070 (citing City of Dothan v. Holloway, 501 So. 2d 1136, 1146 (Ala. 1986) (Beatty, J., dissenting) (emphasis added)). In City of Dothan, Justice Beatty explained that "'[a] person may not be punished for a crime without a formal and sufficient accusation even if he voluntarily submits to the jurisdiction of the court.'" City of Dothan, 501 So. 2d at 1146 (Beatty, J., dissenting) (quoting Albrecht v. United States, 273 U.S. 1, 8 (1927)). Here, the circuit court had personal jurisdiction over Simmons because Simmons voluntarily filed a notice of appeal, but it pronounced judgment upon Simmons without "an accusation made in the manner prescribed by law" and as required by the rationale in Thomas.

3. Stegall and Young Do Not Support the Majority Opinion

The majority maintains that the Court of Criminal Appeals' decision conflicts with Stegall v. State, 628 So. 2d 1006, 1008 (Ala. Crim. App. 1993), in which the Court of Criminal Appeals stated that "[t]he filing of a solicitor's complaint is not a jurisdictional prerequisite to an appeal to the circuit court for a trial de novo." The majority opinion also cites Ex parte Young, 611 So. 2d 414 (Ala. 1992), in which this Court stated:

"[A] prosecuting attorney's complaint is not the mechanism that confers upon the circuit court jurisdiction to proceed with a de novo appeal. The complaint is a statutory right of the accused that can be waived. ... Certainly, if the right to a complaint can be waived, then it is not the mechanism that confers subject matter jurisdiction on the circuit court in a de novo appeal."

611 So. 2d at 415 (paraphrasing Young v. City of Hokes Bluff, 611 So. 2d 401, 405 (Ala. Crim. App. 1992) (Bowen, J., concurring in the result and citing Moss v. State, 42 Ala. 546 (1868)) (emphasis added)).

Stegall and Young cited a line of cases that originated in Moss v. State, supra, which stand for the proposition that

"'"[t]he 'complaint,' or written accusation, required by the section last above noticed, is not found in the record. There is no waiver of it. It was a right of the accused, in the circuit court, to have such a writing, and a proceeding without it, or a waiver of it, is erroneous."'"

Stegall, 628 So. 2d at 1007 (quoting Young, 611 So. 2d at 406 (Bowen, J., concurring in the result), quoting in turn Moss, 42 Ala. at 547, and summarizing Moss line of cases). Stegall and Young recognize that the accused has a right to the complaint. Simmons never waived the right to be prosecuted on the original complaint in the circuit court proceeding. Moreover, Stegall and Young did not involve a prosecutor's substituting an information for the original complaint, as

22

occurred here. <u>Stegall</u> and <u>Young</u> support the Court of Criminal Appeals' decision, not the majority opinion.

## II. Conclusion

I believe the holding reached in the majority opinion is unwarranted under Alabama's Constitution, statutory law, and precedent. The majority opinion violates Simmons's statutory right to be prosecuted with the original charging instrument and his constitutional right to obtain a copy of the accusation against him. I respectfully dissent from the majority's decision to reverse the judgment of the Court of Criminal Appeals.